JAMES BABCOCK, Appellant,

*vs.*

JOHN C. PERRY, Impl'd with J. C. BABCOCK, Respondent.

APPEALED FROM CIRCUIT COURT, WALWORTH COUNTY.

Where a subsequent purchaser has been personally served with process, in a forclosure suit, and purposely made default, permitting proof to be taken as to the mode of sale, whether in parcels or in the whole, and voluntarily taking his chance of protecting his right, and where also he attended the sale and did not secure his interest, he is estopped from complaining that his rights are foreclosed.

Where the order for sale of mortgaged premises made by the court, is that the lands be sold together, it is the duty of the sheriff to pursue the order in making the sale ; and the parties interested cannot even stipulate for a different order ; though one defendant might be greatly benefited by the change, the presumption is, that the court has made the order with a view to the rights of all the parties.

It is no ground for setting aside a sale that one of the defendants stated at the sale, that if the plaintiff would release 20 acres owned by that defendant, then he would bid the whole amount of the debt and costs, for the balance of the land. The defendant could obtain all he desired by making the bid he proposed without the release ; he would thereby get just as good a title to his own land, as he would by the release.

A tender of the amount due on a decree of foreclosure, is sufficient to stop a sale, and if a sale be made after such tender, it will be set aside ; but a mere offer to pay is not sufficient.

The court will not set aside a foreclosure sale on the application of a defendant who has been guilty of laches, which are grossly unjust to the rights of the plaintiff.

This case is fully reported in 4 Wis. 31, upon an order to set aside the order defaulting the defendant Perry, and to let in his answer, and vacating all proceedings subsequent; and which order was reversed in this court. At the January term, 1856, the complainant renewed his motion for the confirmation of the report of sale. The motion was again resisted by

the defendant Perry, upon the affidavits of William H. Pettit and P. S. Carver, which are as follows:

William H. Pettit being duly sworn, says that he was the clerk of the circuit court of Walworth county during the year A. D., 1853: that on the 12th of February, 1853, and on the day of sale of the mortgaged premises by the sheriff of said county, this affiant remembers that the said John A. Perry, or H. S. Winsor, his solicitor, or both of them, had considerable conversation in this affiant's office with the said James Babcock, with reference to the mortgaged premises about to be offered for sale; that said Perry, or his said solicitor, or both made sundry offers to said Babcock, and among others, that the said Perry was then ready and willing to pay to the said Babcock the whole amount of principal, interest and costs then due upon the said decree and mortgages then foreclosed, if he would take the same and not sell the land; also demanded that the said mortgaged premises should be sold in parcels, all of which were refused and the sale made.

P. S. Carver, being duly sworn, says that he was sheriff of said county in the year 1853; that he was charged with the sale of the mortgaged premises described in the above entitled cause; that on the 12th day of February, A. D., 1853, he was present in the clerk's office when the said Perry and his solicitor, H. S. Winsor, made sundry offers to said Babcock in reference to redeeming said land, and in having it put up and sold in parcels, and among said offers the said Perry and his solicitor offered the said Babcock all that was then due—principal, interest and costs—upon the said decree and mortgages then foreclosed, if said sale should be discontinued, and also demanded that said premises should be put up and sold separately—all of which offers were refused by said Babcock, and the sale of said mortgaged premises was made by this affiant as set forth in the report of sale in this court, and further says not.

The affidavit of the defendant also stated, that at the time of sale his interest in said premises was worth $300, and that on the day of sale, to wit, the 12th day of February, 1853, and previous to said sale this affiant offered and tendered to the said James Babcock, the said complainant, the full sum of principal, interest and costs of the two mortgages then foreclosed, and upon which the decree was made, if he would take the same and not sell the said premises, but which tender and offer the said complainant absolutely refused, and he now stands ready to do the same and has always been ready to do the same. And this affiant further states that said premises are worth one thousand dollars, and if a re-sale is had in this case, he will bid upon said premises the sum of one thousand dollars and pay the money into court ten days before said sale shall take place, as a security for said bid.

This affiant therefore claims that the refusal of said Babcock to take said decree and costs aforesaid, is a fraud upon the rights of this affiant and for that reason and also for the gross inadequacy of price paid by the said complainant, a re-sale should be ordered by this court.

These affidavits were answered by the affidavit of Otis Preston, who deposed that he resides in Elkhorn, Walworth Co.; that he has resided in the county for the last nine years, and that he has a general acquaintance with the lands and real estate in said county, and of the price thereof for several years.

And he further says that since February, A. D. 1853, farming lands in said county have risen generally in value one hundred per cent. on their market value at and previously to said February, A. D. 1853. Also,

James Babcock being duly sworn, deposes and says, that he is the complainant above named in this cause. He further says that he never had any conversation with the said John A. Perry in regard to the sale of said premises except on the day said sale took place, and he further says that all the con-

versation he had with said Perry on that day was in the presence of Solden Powers and Joseph C. Babcock, one of the defendants in this suit. And this deponent further says that the said John A. Perry never at any time offered to pay this defendant the amount of his decree, principal, interest and costs, and that he never at any time offered to pay this defendant anything at all on said decree, and that he never tendered this defendant the amount of said decree nor any sum whatever. And this defendant further says that on the day of said sale there was considerable talk between the said John A. Perry and his solicitor, H. S. Winsor, and this deponent, but that it all took place in the presence of the said Solden Powers and Joseph C. Babcock; that the substance of said conversation was that said John A. Perry said that if this deponent proceeded to make the sale of said premises on that day and to sell the whole premises together as provided in said decree, that the said John A. Perry would take no part therein and would not bid at said sale, but that he should procure said sale to be set aside, and that said deponent would have to pay the whole cost of said sale and of setting the same aside, but that if the said deponent would release the twenty acres claimed by the said Perry and then offer the remainder for sale on said decree, that the said Perry would bid the full amount of said decree and costs for said remainder of said premises. And this deponent expressly denies that he made any other or different offer to this deponent than the one set forth, and he expressly and absolutely denies that he offered to pay or tendered to this deponent the amount of said decree or any amount whatsoever on the day of said sale, or at any other time. And further, this deponent says that he denies that he ever took forcible possession of the premises in question, but he says that soon after said sale took place the family who were living on said premises left the same vacant, and that this deponent then took peaceable possession

thereof as he lawfully might, and ever since then has occupied said premises as his own property. peaceably and quietly; and further this deponent says that at the time of said sale said land was not worth more than twelve dollars per acre, and further this deponent says not.

The affidavits of Joseph C. Babcock and Solden Powers were very similar to that of James Babcock; they deposed to having heard the conversation between the parties.

The circuit judge made the following order from which this appeal is taken to the supreme court:

On reading and filing the motion of the said complainant to confirm the sale of the mortgaged premises described in this cause, made February 12, 1853, supported by affidavit, and also on reading and filing the motion of said John A. Perry, one of the above named defendants, opposing the motion to confirm and asking for a re-sale of said premises, and also supported by affidavit, and also upon the argument of counsel for the respective parties, and upon the motion of Winsor & Smith, solicitors for the said John A. Perry, it is ordered that the motion for confirmation of sale be and the same is hereby overruled and denied, and that the motion for a re-sale of said premises be and the same is hereby granted upon the condition that the said John A. Perry shall within thirty days from the close of this term of the court bring into court and deposit with the clerk of this court the whole amount of the principal and interest now due upon the first named mortgage described in said bill of complaint and decree in this cause, together with the costs of said foreclosure and former sale, and also the estimated costs of re-sale of said premises, and the said deposit stand as a guarantee that the said John A. Perry will on such re-sale bid at least to the amount of such deposit. And it being made to appear by proof taken in open court, that the principal and interest of the said first named mortgage now amounts to the sum of

three hundred and ninety-three dollars and seventy-four cents, ($393,74) and that the costs and interest of said foreclosure and former sale amounts to eighty dollars and seventy-five cents, ($80,75) and that the probable amount of costs on such re-sale will not exceed the sum of twenty-five ($25) dollars. Ordered that the amount of such deposit shall be five hundred dollars.

And it is further ordered that in case the said John A. Perry shall pay to the complainant, his solicitor or the sheriff who shall conduct the re-sale of said premises, the aforesaid amount of the first named mortgage, principal and interest up to the day of sale or payment and the aforesaid costs of foreclosure and former sale and costs of re-sale up to the time of such payment pursuant to the decree in this cause, then the said John A. Perry may be subrogated to all the rights of the said complainant in the said mortgage and decree and to the surplus moneys arising from said sale after all the prior liens of the said complainant upon said mortgaged premises previous to the said John A. Perry's purchase shall have been satisfied to the whole extent of all the moneys paid by the said John A. Perry upon the aforesaid first named mortgage and the costs of the former sale together with the costs of re-sale up to the time of such payment as aforesaid; and the said John A. Perry may be allowed to apply so much of the money deposited with the clerk of said court as may be necessary to make such payment as aforesaid; that after such payment as aforesaid the said sale shall in all respects be conducted pursuant to the directions in said decree.

By the Court,

J. M. KEEP, Judge.

Dated May, 1856.

*John W. Cary* for the appellant.

*Windsor & Smith* for the respondent.

*By the Court,* Smith J. We do not see how, agreeably to the established rules of equity practice, the order of the court below can be sustained. The suit was commenced August 21st, 1852; the defendants were all personally served with process, and purposely made default; permitted a final decree to be made, and proof as to the mode of sale, whether in parcels or in whole, and voluntarily took their chance of protecting their rights at the sale. The appellant attended the sale, and there had ample opportunity to secure his own rights in the premises.

It is unnecessary to recapitulate the facts in this case, as they are precisely like those presented on the former appeal in this case, with one or two additions, which will be noticed hereafter. What we then said in relation to the merits of the controversy may be applied here with equal force. See *Babcock vs. Perry,* 4 Wis., 31. Then the application was to vacate the default and to be permitted to file an answer. Now the motion is to set aside the former sale, and for a re-sale of the premises. The sale was made in February, 1853, and their motion is filed in May, 1856.

Waiving for the present all objections to their motion on the ground of delay in making it, we will examine the objections to the sale, made by the defendant Perry. These are: 1st. That the premises were sold together, and not in parcels; and 2nd. That on the day of, and before the sale, he offered the complainant that if he would not sell certain twenty acres of the premises, which had been purchased by him, he, Perry, would bid on the remainder the full amount of debt, interest and costs.

In answer to the first objection, it is to be observed that the sheriff as well as the party was bound to pursue the order of the court in making the sale, and that order was that the premises should be sold together. It is not compe-

tent for the complainant and one of several defendants interested in the subject matter, to stipulate a mode of sale different from that prescribed by the order of court. Though one defendant might be benefitted thereby, others might be greatly injured. The presumption is that the court has fixed the mode of sale with a view to the rights of all the parties to the suit, and it is not competent for two or more of the parties to depart from the order.

But, setting this consideration aside, and supposing that the defendant Perry did agree, if the complainant would release twenty acres from the operation of the decree, to bid the full amount of debt, interest and costs for the remainder, it was difficult to perceive how he was or could be injured by including the twenty acres in the sale. If Perry had bid the amount of the debt, interest and costs for the premises, less the twenty acres, would he have been any worse off if the twenty acres were included? In the latter case he would have been the owner of the whole premises for the same sum as in the former case. Including the twenty acres in the sale would not increase the cost in the least. The deed and confirmation would certainly constitute as good a title to the twenty acres as the release of the complainant without sale. There is nothing then in this offer which suggests any equitable consideration whatever, but on the contrary, taken in connection with the threat made at the time, that if the complainant did proceed to sell, the defendant would procure the sale to be set aside with costs, the offer is not altogether so frank and candid as good faith would seem to require.

But the defendant Perry says in his affidavit that on the day of sale, and before the sale, he offered to the complainant the whole amount of his debt, interest and costs, if he would not sell the premises. If this fact was clearly established by uncontradicted evidence, we should struggle hard to set aside the sale, notwithstanding the lapse of time and the laches of

the defendant. A mortgagee who will refuse his debt, interest and costs, even on the day of sale, and wantonly proceed te sell, deserved little consideration from a court of equity. Unfortunately, however, this fact is positively denied by the complainant, and his denial is corroborated by other witnesses, while the statement of the defendant is also corroborated. Probably the evidence is about balanced, and the matter is left in *statu quo*. Certain, however, it is, that there was no tender of the amount due, and the evidence of the offer is not conclusive, or satisfactory. And we cannot avoid the remark, that if this offer was actually made as now alleged, and in good faith, it is most singular that it never has been mentioned before, during all the litigation in this case. Had this fact been stated on the hearing of the motion for confirmation, and the money brought into court, the confirmation would have been denied without hesitation. Why, then, if the fact existed, was it not brought to the knowledge of the court below at once, and thus end the matter? So far from this, nothing is heard of the fact here stated until May, 1856, more than three years from the time of sale, when for the first time a motion for re-sale is made, based upon the two offers above noticed.

In his petition for a re-hearing, the defendant Perry states that he made default because he did not wish to incur the expense of a defence, and because he supposed the premises would be sold in parcels, and he could protect himself at the sale. Now he applies for a re-sale, and states that before the sale he offered and tendered the complainant the full amount of his debt, interest and costs. We have already disposed of this latter allegation. It is certainly true that the defendant might have protected his interest at the sale. He could have bid the amount and taken the whole property, just as well as to bid the amount for a part of it.

Upon a careful review of the whole case, considering the

**WISCONSIN REPORTS.**

evidence, the conduct of the defendant, his laches, the incompatibility of the several positions from time to time assumed by him, we cannot avoid the conclusion that to set this sale aside now and order a re-sale, would be grossly unjust to the complainant, and would visit upon him all the consequences of the faults, the errors and the laches of the defendant. We are also impelled to the conclusion that if the defendant has lost any rights or interests, it is the consequence of his own negligence and laches, from which a court of equity cannot now relieve him.

The order of the circuit court must be reversed and the cause remanded.