## ARNOLD HEYMAN *v.* A. BABCOCK AND A. F. GERARD.

SHERIFF'S SALE UNDER DECREE OF FORECLOSURE.—A Sheriff has no authority to make sale of mortgaged premises under a judgment of foreclosure and sale, unless an order of sale is issued upon the judgment and placed in his hands.

WHEN THE SHERIFF MAY MAKE THE SALE.—It is the duty of the Sheriff of the county in which any parcel of the mortgaged premises are situated, to execute the order of sale, unless the decree contains special directions in that respect.

PROOF OF ORDER OF SALE.—The recitals in a Sheriff's deed do not prove that an order of sale was issued on a judgment of foreclosure.

EVIDENCE OF TITLE UNDER FORECLOSURE SALE.—The purchaser at a Sheriff's sale, made under a decree of foreclosure, before he can recover possession must preve the judgment and order of sale, as well as the Sheriff's deed.

WHEN SHERIFF MAY SELL UNDER CERTIFIED COPY OF THE DECREE.—If the judgment of foreclosure gives full directions as to the time, place, terms, and manner of sale of the mortgaged premises, and directs the Sheriff to make the sale, a certified copy of the decree is sufficient authority for the Sheriff to sell.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a lot of land in the City of San Francisco, lying in the angle formed by Centre and Valencia streets. Marcus Lowell, and Ellen, his wife, on the 4th day of December, 1855, executed to plaintiff a mortgage on the demanded premises. A judgment was rendered on the 15th day of September, 1856, foreclosing the mortgage and directing a sale of the mortgaged premises. On the trial the plaintiff offered in evidence a Sheriff's deed of the demanded premises, which recited that an order of sale was issued on the judgment of foreclosure on the 15th day of September, 1856, and was delivered to the Sheriff, and that in pursuance of said order the Sheriff levied on, and on the 18th day of October, 1856, sold the premises at public auction according to law, after having given due notice. The referee to whom the case was referred found that Lowell and wife were in possession of the

premises from the first day of January, 1855, until July, 1855, when they left, and the premises remained vacant for two years, when defendants entered. The defendants recovered judgment, and on plaintiff's motion, the Court granted a new trial. Defendants appealed from the order granting a new trial.

The other facts are stated in the opinion of the Court.

*John B. Felton,* for Appellants, argued that an execution or order of sale was necessary to authorize the Sheriff to make sale of mortgaged premises; and cited Secs. 209 and 213 of the Practice Act. He contended that a judgment was only a determination of the rights of the parties, and that no judgment could execute itself, and that it was a general principle that a Court had power to issue all process necessary to carry its decrees into effectual execution ; and cited 1 Barb. Ch. Pr. 440 ; and 2 Daniel's Chan. Pleading and Pr. 1,248 ; and Hittell's Laws, Art. 6,852.

*M. A. Wheaton,* for Respondent, argued that, as the Court had jurisdiction of the subject matter and of the parties to the suit, the decree was of itself authority, and contained not only the proper power but the only power that the Sheriff could have to sell the land ; and cited Sec. 246 of the Practice Act as it stood in 1856. He also argued that the statute nowhere provided that a certified copy of the decree should be the Sheriff's authority to sell, or that the Sheriff needed any further authority than the decree itself, and that as the decree of foreclosure must contain an order to sell, and as the Sheriff must make the sale, no intermediate process was necessary.

By the Court, RHODES, J. :

The first question for consideration is whether it is necessary that an execution or order of sale issue to the Sheriff, to authorize him to make sale of the mortgaged premises under a decree of foreclosure and sale of the character of the one presented in this case. The only order respecting the sale

contained in the decree, is that the mortgaged premises " be sold according to law." No directions are given as to the time, place, terms or manner of sale; nor is the duty of making the sale committed by the decree to the Sheriff.

The Sheriff does not bear such a relation to the Court that he must take notice of its orders and judgments, and without process execute and carry into effect those that require the aid of a ministerial officer. The general rule is that process is the authority of the Sheriff, and no reason is given why in case of a decree of foreclosure, and especially in one that is as devoid of all directions as the one before us, an exception should be found to the rule. When the mortgaged premises consist of parcels of land situated in several counties, it is evident that the rule contended for by the plaintiff could not be worked without producing great confusion and injury.

No express provision is found in the Practice Act prescribing the mode of making sale of the mortgaged premises under a decree of foreclosure, but the Courts have in a great number and variety of cases, acted upon the assumption that where no special provision is made in the decree, it is the duty of the Sheriff of the county in which any portion of the mortgaged premises are situated, to sell the portion of the premises within his county in the manner that he is required by law to sell real estate under execution against the property of a judgment debtor, and that the Sheriff acts under and by virtue of an order of sale issued upon the decree. The issuing of the order of sale is authorized, it is thought, by section two hundred and thirteen of the Practice Act; but whether it is so or not, it is very evident that the practice we have mentioned has too long been adopted and too uniformly acquiesced in, to be now changed by the Court on the ground that it was not fully authorized by that Act.

The plaintiff insists that the defendants are in error in saying that the referee found that there was no order of sale, etc. The referee did not so find; but when the Sheriff's deed was offered in evidence, objection was made to its introduction on

47

the ground, among others, that there was no order of sale. In the statement on motion for new trial it is stated that the plaintiff introduced in evidence the Sheriff's deed, "and no evidence was given tending to impeach or contradict any of the recitals in said deed or touching the same, unless the facts found by the referee tend thereto." The referee sets out the facts found by him "as the only facts in this action;" and there is no finding in respect to the order of sale. We understand from the referee's report and the statement, that there was no evidence introduced respecting an order of sale.

The order of sale (and in many cases a certified copy of the decree will be sufficient for that purpose) is as essential to a recovery, as the decree or the Sheriff's deed; and the recital in the deed is as incompetent proof of the order of sale as of the decree. (*Hihn* v. *Peck*, *ante*, 280.)

Order granting a new trial reversed.

SAWYER, J., concurring:

There must be something in the nature of process issued to the Sheriff as his authority to execute the judgment. In practice different forms have been adopted and pursued in different sections of the State. Sometimes an order or writ reciting substantially the judgment at large, and sometimes a certified copy of the judgment under the seal of the Court, has been issued to the Sheriff. Each mode has doubtless been too long and too extensively pursued to be corrected now by judicial action. The statute itself upon this point is open to different constructions, and different constructions have consequently been put upon it. In this case, according to the finding of the referee, as I understand it, there was no proof that any instrument of any kind whatever was issued to the Sheriff—nothing to serve the purposes of process. He does not appear, therefore, to have had any authority to sell. On this ground I concur in the judgment.

SANDERSON, J., also concurring :

There are two modes of enforcing final judgment—first, by execution, and second, by a certified copy of the judgment. The first is the proper mode, where the judgment requires the payment of money or the delivery of real or personal property ; and the second is the proper mode where the judgment requires the performance of any other act.   (Practice Act, Sec. 213.)   A judgment which directs the sale of specific property to satisfy a mortgage or other lien upon it, falls within the second class, and is to be enforced by the proper officer under a certified copy of the judgment.   If the judgment contains specific directions, they must be followed by the officer ; but if the direction is general, to the effect that the sale be made as sales under an execution are made, the officer must follow the statute regulating such sales.   In the second class of judgments a certified copy is as indispensable as an execution in the first, and an officer has no more authority to enforce a judgment of foreclosure without a certified copy of the judgment than he would have to enforce a simple money judgment without an execution ; and to make out a title the production of a certified copy of the judgment is as indispensable in the one case as the production of an execution in the other.

I do not desire to be understood as intimating that the process heretofore in use to a greater or less extent, called an order of sale, is not valid.   Such orders contain a substantial copy of the judgment, and doubtless, in view of the great length of time they have been in use without question, should be held sufficient; but where the statute is plain and simple it is better to use the process which it provides than to invent a substitute.   For these reasons, in addition to what has been said by Mr. Justice Rhodes, I concur in reversing the order from which the appeal is taken.