[No. 11850.  In Bank. — April 25, 1887.]

MOSES HOPKINS, APPELLANT, v. EDWARD WIARD ET AL., RESPONDENTS.

| 72 | 259 |
| 76 | 625 |
| 72 | 259 |
| 86 | 328 |
| 72 | 259 |
| 127 | 165 |
| 72 | 259 |
| 131 | 601 |
| 72 | 259 |
| 132 | 489 |

MORTGAGE — FORECLOSURE — SALE OF SEVERAL TRACTS IN ONE PARCEL — JUDGMENT MAY PROVIDE FOR — SETTING ASIDE SALE. — In an action to foreclose a mortgage covering several adjoining tracts of land, the court has jurisdiction to provide in the judgment for a sale of the mortgaged premises in one parcel; and a sale so made, if in other respects fair, will not be set aside on the ground that the mortgagor requested the sheriff at the time of the sale to sell the land in separate tracts.

APPEAL from an order of the Superior Court of Alameda County setting aside an execution sale.

The mortgage in question covered several adjoining tracts of land, which the judgment directed to be sold as a whole and in one parcel. The sale was set aside at the instance of a judgment creditor of the mortgagor. The plaintiff and the purchaser at the sale each appealed from the order. The further facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow,* and *James Mee,* for Appellant.

*C. M. Jennings,* for Respondents.

SHARPSTEIN, J.—This is an appeal from an order setting aside a sale made by virtue of a judgment and order of sale in an action to foreclose a mortgage executed by the defendant to the plaintiff.

There is nothing in the record which tends in any degree to impeach the fairness of the sale; and it appears that the purchaser paid to the sheriff the sum bid for the premises, and that the sheriff paid it to the plaintiff.

Respondents' counsel says that the "decree is satisfied of record, its authority is dead, it is not now a lien upon said premises." This is claimed to result from the sale which has been set aside. The plaintiff was entitled to have the encumbered property sold. The court was authorized to direct a sale of it. (Code Civ. Proc., sec. 726.)

The judgment contains a direction "that the said lands and premises be sold as a whole and in one parcel." The premises were so offered for sale, and sold as whole and in one parcel, although the sheriff was requested by respondents to sell in separate parcels.

The principal contention of the respondents is, that "the order inadvertently made by the court in the decree, directing that the premises be sold in one parcel,

was erroneous and void, and no act of the sheriff in selling or otherwise could legalize the same; and although the sheriff may have followed such (supposed) directions, the same, nevertheless, being illegal, because founded on an illegal decree, will be set aside, and in this case was properly set aside upon motion."

There is nothing in the record to indicate that the court *inadvertently* decreed "that the premises be sold in one parcel." It does appear that the decree was shown to the defendant's attorney, before it was signed by the judge, and that said attorney wrote upon the margin of it, "This decree is satisfactory," and signed the same as the attorney of E. Wiard, defendant. It further appears that the decree was so submitted to defendant's counsel by direction of the judge. If the defendant's attorney did not carefully examine the several clauses of the decree before indorsing on it his satisfaction, the fault was his own, as it appears from his own affidavit that he was given an opportunity to examine it, and was told that the judge desired he should.

The main contention of respondents is that the court exceeded its jurisdiction in ordering that the premises be sold as a whole and in one parcel. The code provides that "in such action the court may by its judgment direct the sale of the encumbered property," but is silent as to the mode of sale. The provisions of the code in this respect are not materially different from those of the late Practice Act. And in *Heyman* v. *Babcock*, 30 Cal. 367, the court said: "No express provision is found in the Practice Act providing the mode of making sale of the mortgaged premises under a decree of foreclosure." In the absence of any provision prescribing the mode, we think the court might under its power to direct the sale, direct how it should be made. Such appears to have been the opinion of Justice Sanderson, who, in a concurring opinion in *Heyman* v. *Babcock*, *supra*, said: "If the judgment contains specific directions, they must be fol-

lowed by the officer." In *Babcock* v. *Perry*, 8 Wis. 277, the court reversed an order similar to that now before us. One of the grounds upon which it was contended that the order setting aside the sale was not erroneous was, that "the premises were sold together, and not in parcels." In answer to that the court said: "It is to be observed that the sheriff as well as the party was bound to pursue the order of the court in making the sale, and that order was that the premises should be sold together." In *Langsdale* v. *Mills*, 32 Blackf. 380, the court said: "The question is, not what the decree ought to have been, but what it is. While it remains in its present form, any sale made under it, not authorized by its terms, cannot stand."

It is within the jurisdiction of the court to direct by its judgment that the property should be sold in one or several parcels, and the officer making the sale was bound to follow the directions contained in the judgment. The judgment was not void, and if erroneous, its terms could not be disregarded by the officer charged with the execution of it. But it has not been shown to be even erroneous. Whether it was or not depends upon the facts before the court when the decree was made. Before signing the decree the court directed that it be submitted to defendant's attorney, and it was so submitted to him, and he indorsed on it that it was satisfactory. The decree was what both parties agreed it should be; and, as was said in *Smith* v. *Randall*, 6 Cal. 47, "to set aside the sale on this ground under the circumstances would be to allow a party to take advantage of his own deceit or negligence." The sale of the premises in gross was occasioned by the direction in the decree that it should be so sold. And the court had evidence before it that the decree was satisfactory to both the mortgagor and the mortgagee. As was said in *Cord* v. *Southwell*, 15 Wis. 211: "There is no error apparent on the face of the judgment. It was not necessary, in order to justify the directions as to the manner of selling the mortgaged premises, that a

foundation should be laid in the pleadings. The court might make them upon facts shown at the hearing, or by consent of parties."

We fail to discover any sufficient ground for setting aside the sale. In *Morris* v. *Bishop of Durham*, 1 Ves. Jr. 57, Lord Eldon said: "The only case in which biddings should be reopened was when there was some fraud or misconduct in the purchaser, or fraudulent negligence in another person, of which it would be against conscience that the purchaser should take advantage."

The rule undoubtedly is to consider every fair sale as final.

"Upon an application for a resale the rights of the purchaser will be taken into account, and will prevail when the sale has been fair and free from fraud, or other circumstances which give an undoubted right to have it set aside." (2 Jones on Mortgages, sec. 1673.)

Order appealed from reversed.

McFARLAND, J., and PATERSON, J., concurred.

THORNTON, J., concurring.—I concur in the judgment. The portion of the judgment in the court below, directing the property mortgaged to be sold as one tract, is not void. The court had power to render such judgment. The sheriff made the sale in one tract in conformity with the judgment, which, or the material parts thereof, the writ must have recited. (Code Civ. Proc., sec. 684.) The court in setting aside the sale made no change in the judgment. The motion to set aside the sale was made on the ground that the property was sold as one tract. As the judgment remains unchanged, the process which issues to the sheriff, compelling him to sell, must follow the judgment, and the sale must be made of the property as one tract as it was before. The sale must be in conformity with the judgment, under a writ reciting the judgment, or the material parts thereof.

(Code Civ. Proc., sec. 684.) As long as the judgment remains as it is, I am of opinion the sale must stand, and therefore concur in the reversal of the order.

Rehearing denied.