[S. F. No. 1765. Department Two.—December 13, 1899.]

JOHN S. CONNICK, Respondent, v. CHARLES W. HILL and MARY M. HILL, Appellants.

VACATING SALE UNDER FORECLOSURE—SEPARATE OFFER OF PARCEL—SALE EN MASSE.—A sale under the foreclosure of a mortgage by a commissioner appointed by the court, without direction as to the manner of sale, cannot be vacated on the ground of the sale of separate parcels *en masse,* where it appears that the commissioner had complied with the request of the mortgagor to offer them each for sale separately, and had received no separate bids, and thereupon sold the same *en masse* for a sum sufficient to satisfy the judgment.

ID.—INSUFFICIENT SHOWING.—An affidavit to set aside a commissioner's sale under foreclosure for selling certain parcels *en masse* which had been separately offered for sale without a bid, and for refusing to reoffer in parcels, or to postpone the sale, which does not show that the parcels in question were "known lots or parcels," is insufficient.

ID.—REFUSAL TO SELL IN "COMBINATIONS OF PARCELS"—STATEMENT OF GROUND—CONFLICTING EVIDENCE.—When no such ground for setting aside the sale as a refusal of the commissioner to sell in "combinations of parcels" was stated in the notice of motion, or

in the opening affidavit, and the court found upon conflicting
evidence that no request for such sale was made, it must be
presumed that the finding is correct, and such ground, even
if otherwise tenable, must fail.

ID.—INADEQUACY OF PRICE—FINDING AS TO VALUE.—Inadequacy of price
is not a sufficient ground for setting aside a judicial sale under
our practice, the judgment debtor being allowed to redeem
from the sale. The sale certainly cannot be disturbed where
the court found, under conflicting evidence, that the full value
of the property sold was less than the total purchase price.

ID.—REFUSAL TO POSTPONE SALE—DISCRETION.—It is not an abuse of
discretion for the commissioner to refuse to postpone the sale,
where no reason appears why the sale should have been post-
poned.

APPEAL from an order of the Superior Court of Humboldt
County refusing to set aside a sale under a decree of foreclosure
of a mortgage. G. W. Hunter, Judge.

The facts are stated in the opinion.

J. W. Turner, for Appellants.

Gregor & Connick, for Respondent.

COOPER, C.—This is an appeal from an order made by the
superior court of Humboldt county refusing to set aside a sale
made under foreclosure.

The plaintiff had regularly obtained a judgment and decree
of foreclosure against defendants and others, and the court in
the decree appointed one Belcher a commissioner for the pur-
pose of making the sale. No directions were given in the de-
cree as to the manner in which the property should be sold.
The tract of land as a whole consisted of one body of thirteen
hundred and forty acres. The commissioner, after receiving
the order of sale, gave due and proper notice that on the seventh
day of June, 1898, the said lands and premises would be sold
in pursuance of the decree and order at public auction to the
highest bidder, at the courthouse door, in the city of Eureka,
at 10 o'clock A. M. of said day. At the time and place of sale
the defendant Charles W. Hill, who was one of the judgment
debtors, requested and directed the commissioner to offer the
said lands for sale in sixty-three separate parcels. The com-
missioner complied with the request and offered the lands in

the different parcels. He received no bid for either of the first forty-one parcels, but the parcels from forty-two to sixty-three, inclusive, were sold to different bidders, and no complaint is made as to the sale of any of these parcels other than the first forty-one. After the parcels from forty-two to sixty-three had been sold, the commissioner again offered the first forty-one lots or parcels for sale as a whole. The judgment debtor requested the commissioner to again offer the forty-one parcels separately, which request was refused. He then asked the commissioner to postpone the sale, which the commissioner refused to do. The first forty-one parcels were then offered as a whole in one lot and sold to plaintiff for the sum of ten thousand four hundred and thirty dollars, which was about the balance due him after first applying the proceeds of the sales of the lots other than the forty-one. The appellants gave due notice that they would move the superior court to set aside the sale to plaintiff upon several different grounds.

It is claimed that the sale of the forty-one lots or parcels as a whole and in one parcel was an irregularity for which the sale should be set aside. We do not think so. The commissioner had complied with the request of appellant, and, without regard to the question as to whether or not the forty-one parcels were "separate known parcels," had offered them for sale separately and received no bids. After the other parcels had been sold the appellants claim that they had the right to have him repeat what he had just done and again offer the parcels separately. If they had the right to have him again offer the parcels the second time at the same sale and before the same bidders, why not a third or a fourth? He had obeyed the dictates of the appellants to the letter, and after receiving no bids then did what he had a right to do under the circumstances—offered the property in a lump and received a bid sufficient to satisfy the judgment. He was not required to go through the idle ceremony of again offering the parcels separately. It is now the settled rule in this state that whenever separate known parcels of land are offered for sale separately in foreclosure proceedings, and no offer or bid made for either parcel, then the property may be offered and sold in one parcel. (*Marston v. White*, 91 Cal. 40; *Hibernia etc. Soc. v. Behnke,*

121 Cal. 341.)  The same rule is laid down by the supreme court of the United States. (*While v. Crow*, 110 U. S. 190.) The rule is to consider every sale made by an officer of court under the mandate thereof as final. (*Hopkins v. Wiard*, 72 Cal. 262.)  When a party comes into court and asks to set aside a sale the burden is upon him to show such an irregularity or material departure from the statute as will justify the court in setting it aside.  It is provided in the code (Code Civ. Proc., sec. 694): "The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels."

It nowhere appears in the affidavits or record that the forty-one lots were "known lots or parcels."  It does appear that the appellant requested the sale of forty-one different descriptions, but it does not follow that these forty-one different descriptions were forty-one different known lots or parcels.  They may have all constituted one known lot or parcel.  In a motion to set aside a sale on this ground it must be made clearly to appear that the land consisted of several "known lots or parcels."

It is said the commissioner should have offered the lots in "combinations of parcels."  If the law were such that appellants could require the property to be sold in combinations of parcels, the number of which might be infinite, there was a square conflict of evidence as to whether or not any request was made of the commissioner to offer the lots in such manner.  We must presume in favor of the order of the court below, made upon conflicting testimony, that no such request was made.  Particularly is this so when no such ground is stated in the notice of motion given by appellants, nor in their opening affidavit.  And the appellants' attorney in his affidavit states that after the sale of the lots from forty-two to sixty-three, "that affiant then directed said commissioner, orally, to again offer said forty-one parcels separately once more."

Inadequacy of price is stated as one of the reasons why the sale should be set aside.  This is not sufficient ground upon which to annul a sale, particularly under our practice, when a judgment debtor is allowed to redeem.  (*Smith v. Randall*, 6

Cal. 53; 65 Am. Dec. 475; *Central Pac. R. R. Co. v. Creed,* 70 Cal. 501.) But the evidence as to the value was conflicting, and we must presume, in favor of the order of the lower court, that ten thousand dollars is and was the full value of the property as stated by plaintiff in his affidavit. This being true, the property sold for four hundred and thirty dollars more than its value.

It is said that the commissioner should have postponed the sale, and that his refusal to do so is ground for setting it aside. It appears that the commissioner was requested to postpone the sale of the forty-one parcels to 2 o'clock of the same day, and, after consultation with his attorney, refused to do so. No reason is given why the sale should have been postponed. While there may be circumstances that would justify an officer in postponing a sale, it clearly is not an abuse of discretion in all cases to refuse such postponement.

We advise that the order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            McFarland, J., Temple, J., Henshaw, J.