[L. A. No. 1181.    Department One.—February 20, 1904.]

## ANGLO-CALIFORNIAN BANK, LIMITED, Respondent, v. MOSES CERF et al., Defendants; ERNEST CERF, Appellant.

FORECLOSURE OF MORTGAGE—SALE EN MASSE—OFFER OF DISTINCT PARCELS—COMBINATIONS OF PARCELS—MANDATE OF STATUTE.—Where the decree of foreclosure of mortgaged property described the parcels to be sold by nineteen separate descriptions, and it appears that the sheriff first offered the property for sale by each of such descriptions, and received no separate bid for either parcel, and then offered a sale of the whole of the mortgaged property *en masse,* whereupon the plaintiff became purchaser thereof, the mandate of the statute was sufficiently complied with. The statute did not require an offer by sale of three separate combinations of parcels, if it is not made to appear that such combinations themselves constituted "several known lots or parcels," in the absence of a request for such sale by some party interested.

ID.—MOTION TO SET ASIDE SALE—BURDEN TO SHOW MATERIAL DEPARTURE.—A party who moves to set aside the sale has the burden to show such an irregularity or material departure from the statute as will justify the court in setting it aside; and where it does not appear from the showing made by the moving party that the conditions which would authorize the sale of all of the property together did not exist, and no showing of injury appears by reason of such sale, the motion is properly denied.

ID.—INADEQUACY OF PRICE—REDEMPTION.—Inadequacy of price is not sufficient ground to set aside the sale; and if it was legally made, it cannot be set aside merely because in order to redeem any of the property the defendant must redeem all of it.

ID.—SALE FOR GOLD COIN.—The fact that the sale was made for gold coin when the decree of foreclosure did not specify such coin, is not a material departure.

ID.—DESCRIPTIONS—IDENTIFICATION.—Where the description of the property in the notice of sale was precisely the same as that contained in the judgment, and, so far as the record discloses, cannot be said to fail to sufficiently identify the land sold, an objection that the description was indefinite, uncertain, and imperfect cannot be sustained.

APPEAL from an order of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

Venable & Goodchild, and Marcel E. Cerf, for Appellant.

Jesse W. Lilienthal, and W. H. Spencer, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order of the superior court of San Luis Obispo County denying the motion of appellant, one of the defendants in this action, to set aside a sale of real property made by the sheriff to the plaintiff, under an order of sale issued out of said court upon a judgment rendered therein for the foreclosure of two mortgages held by plaintiff, as security for an indebtedness due it from defendant Moses Cerf.

The sheriff made the sale on the twenty-first day of April, 1900, and appellant on October 20, 1900, gave notice that he would make this motion on October 27, 1900, specifying various grounds, the principal one being, that the sale was irregular in that "the said sale was of real property consisting of several known lots or parcels not contiguous and widely separated from each other, and that the said lots and parcels were not sold separately as is required by law, but in one mass, and as a whole."

The judgment did not contain directions as to the order in which the property should be sold. The record fails to show how the property was described in the mortgages, but it appears therefrom that in the judgment, order of sale, notice of sale, and return of sale, the land was described by nineteen separate descriptions. Seven of these descriptions included various legal subdivisions of country farming and grazing lands in township 30 south of range 15 east of Mount Diablo meridian, lying contiguous to one another; nine included vari-

ous legal subdivisions of the same character of lands in township 27 south of ranges 10 and 11 east of Mount Diablo meridian, not all of which were contiguous to one another; and three included lots in the town, or city, of San Luis Obispo.

It appears from the evidence that the sheriff first offered the property for sale by the nineteen separate descriptions, and received no bid for any of said lots or parcels of land, and that he then offered all of the property in one parcel, whereupon plaintiff became the purchaser for the sum of $27,000, which, after the deduction of costs, left a deficiency of $1,986.74 due on the judgment.

It further appeared that one of the attorneys for the appellant was present at the sale, and made no suggestion as to the method of sale.

The statute requires that where the sale is of real property, "consisting of several known lots or parcels, they must be sold separately." (Code Civ. Proc., sec. 694.) It is admitted that a sale of separate parcels *en masse,* in disregard of the requirements of the statute, is not void, but only voidable, and subject to be set aside on timely application, and further, that a sale *en masse* is not forbidden, where the parcels cannot be separately sold. It was said in *Marston* v. *White,* 91 Cal. 37: "But while the rule declared by the code as above is controlling and should be strictly followed, still it cannot be held to apply where each distinct parcel is first offered for sale separately and no bids are received. In such case the property may then be offered and sold as a whole, and the sale will be upheld, unless other reasons appear for setting it aside." (See, also, *Connick* v. *Hill,* 127 Cal. 162; *Hibernia Sav. and Loan Society* v. *Behnke,* 121 Cal. 339; Freeman on Executions, sec. 296..)

The theory of appellant is, however, that there were here only three different pieces or parcels of land, widely separated from each other and not contiguous, and that the sheriff should have offered each of the three lots separately.

The only evidence introduced by appellant to show that there were in fact only three parcels of land was the affidavit of Moses Cerf, wherein it is said that the property "consisted of three different pieces or parcels of land widely separated

CXLII. Cal.—20

from each other and not contiguous." The affiant carefully abstained from saying that the property consisted of three *"known"* lots or parcels, and, so far as appears from the affidavit, the division by him into three parcels was purely arbitrary (except so far as the general location of the property was concerned) and without regard to its occupation and use. The affidavit of Victor H. Woods related solely to the general location of the property. The affidavit of Cerf affirmatively shows that one of the so-called parcels consisted of "several town lots in the city of San Luis Obispo upon which is a brick building used for stores and an opera-house, and several wooden warehouses," indicating several known lots or parcels. It does not appear from the affidavit that the various legal subdivisions of country farming and grazing lands in either of the so-called parcels were so occupied as to be united into one tract. The descriptions show that those in township 30 are contiguous, and could be so united as to form one irregularly shaped tract, but that those in township 27 could not be so united. So far as appears, the country land consisted entirely of various legal subdivisions of unoccupied land. Clearly, it cannot be said that it was made to appear that the property sold consisted of only three known parcels of land, or that it did not, in fact, consist of nineteen distinct parcels, as described in the judgment.

The real contention of appellant in this behalf would then seem to be that the sheriff, having failed to obtain any offer for the separate parcels, should have offered the property in combinations of parcels, placing the town property in one offer, the property in township 30 in another, and the property in township 27 in the third.

Considering the difference in character of the property, and the fact that these three lots of property were situated at a considerable distance from one another, such combinations might have been appropriate, but the mandate of the statute did not require them to be made by the sheriff in the absence of a request by some party interested, unless they constituted separate "known parcels," which, as we have already seen, has not been made to appear. In fact, the descriptions themselves demonstrate that there were more than three separate and distinct parcels of land.

"When a party comes into court and asks to set aside a sale, the burden is upon him to show such an irregularity or material departure from the statute as will justify the court in setting it aside." (*Connick* v. *Hill*, 127 Cal. 165.)

It cannot be said, from the showing here made, that the conditions which would authorize the sale of all of the property together did not exist.

Inadequacy of price was not one of the grounds for the setting aside of the sale, specified in the notice of motion, and, as has been said, is not sufficient ground upon which to annul a sale, particularly under our practice, when a judgment debtor is allowed to redeem. (*Connick* v. *Hill*, 127 Cal. 165.) The showing as to value at the time of the sale was so weak as to be practically no showing at all. In this connection, it may be stated that there is no intimation that a larger sum could have been obtained for the property, if the land had been sold in the manner now suggested by appellant, or that any injury resulted to the defendants from the method pursued.

If the sale was legally made, there is of course nothing in appellant's contention that the sale should be set aside simply because, in order to redeem any of the property, he must redeem all.

The judgment did not specify the character of money for which the property should be sold, but the sheriff noticed it for sale to the highest bidder for "gold coin of the United States," and so sold it. It is claimed that this was such a departure from the terms of the judgment as to require the setting aside of the sale. We are unable to see how, under the conditions existing in this country, the departure was at all material, or how, by any possibility, it "could have imposed a burden which the judgment and the law did not authorize." No such burden is pointed out by appellant.

It is urged that the description of the property to be sold was indefinite, uncertain, and imperfect. The description in the notice was precisely the same as that contained in the judgment. We have examined these descriptions, and, so far as the record shows, they cannot be said to fail to sufficiently identify the land to be sold.

It is said that it appears that the sheriff when offering the land in nineteen separate parcels, failed to refer to the reser-

vation of certain portions excepted from the effect of the decree. We are unable to so construe his return of sale, and find nothing in the record to indicate that he did as claimed.

The order is affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.