[Civ. No. 204. Fourth Appellate District.—February 3, 1930.]

GUSTAF LINDEMANN, Respondent, v. D. A. ANDERSON et al., Defendants; ROBERT MARSH, Appellant.

Clyde C. Shoemaker for Appellant.

Siemon & Garber for Respondent.

BARNARD, J.—This is an appeal from a deficiency judgment entered by the clerk after a purported sale of real property, by a commissioner, in an action for foreclosure of a mortgage on real estate. The mortgage in question had been given to secure a note for $3,800, and the deficiency judgment, subsequently docketed, was for $3,295.17. The decree of foreclosure, among other things, provided:

"And it is further ordered and decreed, that M. J. Davis of the County of Kern, state of California, be and he is hereby appointed commissioner to sell the hereinafter described property; and the court does hereby require of said commissioner an undertaking in the sum of $500.00 with sufficient sureties in the manner and form required by law."

The commissioner named in the decree filed his oath as such commissioner and on the same day filed a purported undertaking in the sum of $500, executed by himself as principal with two sureties. Neither on the bond so filed nor anywhere else in the record does there appear any approval of the bond by the court or by the judge thereof. An order of sale having been issued, and the commissioner's report and account of sale filed, the clerk entered a deficiency judgment, from which the defendant has appealed. The only proposition presented as a ground for reversal is that since the bond of the commissioner was not approved by the court, the sale, the deficiency judgment based upon the return of the commissioner and all acts performed by the commissioner were void.

The most important question on this appeal is whether or not the provisions of sections 726 and 729 of the Code of Civil Procedure, relative to the approval and filing of the bond of a commissioner are mandatory; or, in other words, whether the failure of a commissioner to strictly comply with those provisions affects his jurisdiction and his right to act. The history of the legislation upon this subject throws some light upon the matter. Prior to 1901 the provisions of the code in regard to the appointment of a com-

missioner did not require that the "undertaking so approved" should be filed. At that time the only provisions applicable were the following portions of section 726 and section 729 of the Code of Civil Procedure:

"The court may by its judgment, or at any time after judgment, appoint a commissioner to sell the encumbered property." (Sec. 726, Code Civ. Proc.)

"The commissioner, before entering upon his duties, must be sworn to perform them faithfully, and the court making the appointment shall require of him an undertaking with sufficient sureties, to be approved by the court, in an amount to be fixed by the court, to the effect that he will faithfully perform the duties of commissioner, according to law." (Sec. 729, Code Civ. Proc.)

In the case of *May* v. *Hatcher*, 130 Cal. 627 [63 Pac. 33], which was decided in December, 1900, the Supreme Court held that the provisions of these sections did not require a written oath, nor that the same be filed, the court saying: " . . . Appellant's position is that the facts that no written affidavit of the commissioner was on file in the clerk's office, and that the clerk's register of actions did not show that such affidavit had been filed, are conclusive proof that no oath was taken, and that no other evidence was admissible on the subject. But this position is not tenable. The statutory provisions touching the matter is merely that 'the commissioner, before entering upon his duties, must be sworn to perform them faithfully.' (Code Civ. Proc., sec. 729.) There is no provision that he must make a written affidavit, or that an affidavit must be filed anywhere; and there is abundant evidence in the record, not only that he was sworn, but that he made a written affidavit."

In 1901 the legislature amended section 726 of the Code of Civil Procedure making the portion of said section applicable to the question under consideration read as follows:

"The court may, by its judgment, or at any time after judgment, appoint a commissioner to sell the encumbered property. It must require of him *an undertaking* in an amount *fixed by the court,* with sufficient sureties, *to be approved by the judge,* to the effect that the commissioner will faithfully perform the duties of his office according to law. Before entering upon the discharge of his duties he *must file* such undertaking, *so approved,* together with his

oath that he will faithfully perform the duties of his office.'' (Italics ours.)

It will be noted that the legislature thus inserted into section 726, directly after the old provision giving authority to the court to appoint a commissioner, a sentence which is in almost the same language as that portion of section 729 which is above quoted, and which had been interpreted in *May* v. *Hatcher, supra,* as not requiring a written oath nor the filing of the same. And immediately following that the legislature inserted these words: ''Before entering upon the discharge of his duties, he *must file* such undertaking, *so approved,* together with his oath that he will faithfully perform the duties of his office.'' (Italics ours.) The legislature may have considered that under the ruling of the Supreme Court the quoted portion of section 729 was of no very great benefit, since, to say the least, an oath not required to be in writing, and not to be filed anywhere, might make possible a very great uncertainty. From the language used, and the arrangement thereof, it would clearly appear that the change was intentionally made, and the statute was amended to read that, ''before entering upon the discharge of his duties,'' a commissioner must file not only an undertaking, but one approved by the court, which must be accompanied by his oath, that he will faithfully perform the duties of his office. Under these circumstances the intention of the legislature seems especially clear, and in addition, the language of the statute is unequivocal in setting forth what is required, in order to enable a commissioner to qualify for his office. We think it is incumbent upon the commissioner, not only to file some undertaking, but to file one that has been approved by the judge. If this were not so, that part of the requirement of the statute would be useless, and it is a general principle of statutory construction, that they should be so construed as to give each part thereof force and effect when this is possible.

The respondent urges that a sale under foreclosure is not to be set aside for light or trivial reasons, and in support thereof cites the following cases: *Hopkins* v. *Wiard,* 72 Cal. 262 [13 Pac. 689]; *Meux* v. *Trezevant,* 132 Cal. 487 [64 Pac. 848]; *Connick* v. *Hill,* 127 Cal. 162 [59 Pac. 832]; *Anglo-California Bank* v. *Cerf,* 142 Cal. 303 [75 Pac. 902]; *Humboldt Society* v. *March et al.,* 136 Cal. 321 [68 Pac.

968] ; *Bechtel* v. *Wier*, 152 Cal. 443 [15 L. R. A. (N. S.) 549, 93 Pac. 75]. So far as the question under consideration is concerned, these cases turn on the effect of the sale of land in one parcel, rather than in separate parcels. All of them involved the acts of duly appointed, qualified and acting officers. On the other hand, the instant case presents a question of whether the officer ever qualified. It would hardly be argued that the mere naming of a commissioner by the court would comply with the requirements of these statutes and enable him to act as such commissioner. He must qualify and the manner of qualification is particularly set forth in the statutes providing for his appointment. The commissioner derives his power only from these statutory provisions, and we think it is equally true that he derives his power only after he has complied with the requirements of these same statutes. One of these is that he file the undertaking "so approved." If the requirement for a bond is compulsory, the requirement that he must file such bond, "so approved," seems equally compulsory. There seems no good reason for sustaining respondent's contention that this particular provision may be omitted, and at the same time holding that the other provisions may not be omitted.

Good reason exists for holding that slight variations in the method of sale by an officer who has duly qualified shall not invalidate a sale because those variations are as to matters not covered by the statutes. Being matters which could have been dispensed with by the court, they may well be held to be trivial, where no real injury is shown. But in a sale of real property under foreclosure proceedings property is being taken by process of law, and under general principles the statutes providing therefor should be strictly complied with. We think the particular provisions herein involved are mandatory, and that under the provisions of these code sections such an undertaking must be approved in writing and both the bond and approval filed.

Section 566 of the Code of Civil Procedure provides that if a receiver is appointed upon an *ex parte* application the court, before making the order, must require an undertaking. The language of this section has been held to be mandatory. (*Ryan* v. *Miller*, 39 Cal. App. 640 [179 Pac. 517].) In *Pryor* v. *Downey*, 50 Cal. 388 [19 Am. Rep. 656], it was held that an administrator appointed by the court does

not become such administrator until he has qualified, and that a purported sale of real estate made by such a person prior to the time he has qualified was void. In view of the circumstances surrounding the adoption of these provisions a reasonable interpretation of these sections of the code, leads to the same conclusion in regard to a purported sale of real estate, by one appointed as a commissioner in a foreclosure proceeding, unless the record affirmatively shows that he has qualified himself as required by law.

 As a second proposition the respondent insists that the record on appeal does not affirmatively show that the undertaking here involved was not approved by the court. Appellant's notice to the clerk requesting the preparation of a transcript and setting forth the matters and things desired to be included therein, includes the following: "the oath of commissioner; the bond of commissioner, together with any and all orders made in connection with said bond, last mentioned; and the order, if any, approving said bond." The transcript sets forth a copy of the bond, which copy shows no approval by the court or judge, nor is such approval shown anywhere else in the record. The certificate of the clerk, after setting forth that the transcript has been prepared in accordance with the provision of section 953a of the Code of Civil Procedure and pursuant to the notice of appeal certifies as follows:

"That each of said copies is a full, true and correct copy of the document of which it purports to be a copy, and full, true and correct copy of the bond showing all acts of the court taken thereon."

The judge who tried the case has also certified to the record as follows:

"The foregoing clerk's transcript is true and correct, and the same is hereby settled and allowed."

Section 953a of the Code of Civil Procedure provides a party desiring to appeal may give notice of what he desires included in the transcript, including "acts or statements of the court," and the judge shall examine same, as to various matters set forth, including "acts or statements of the court," and then the judge shall certify to the truth and correctness of the transcript. In the instant case the appellant asked for the undertaking in question, together with any and all orders made in connection with said undertak-

ing, and the order, if any, approving said bond. The clerk's certificate is to the effect that the transcript shows the bond and all acts of the court taken thereon, and the judge has certified this to be all true and correct. We feel that this is a sufficient showing, in the absence of any showing to the contrary. Appellant was entitled to bring this question upon appeal, and there would seem to be no other way to lay the foundation for his appeal than to show the entire record as it actually existed. While there is a presumption in favor of the regularity of the proceedings in the trial court, this presumption does not go to the extent of supplying something made necessary by a statute, when the record shows an entire absence of such required instrument.

The further claim is made that the situation should not be disturbed, since there is no showing that the error complained of has resulted in any substantial injury to the appellant. Whether or not the sureties on the bond were, in fact, sufficient, we, of course, do not know. It is not necessary, however, that we should guess as to this nor that we should guess whether or not the amount of the deficiency would be less upon a new sale held by an officer properly authorized thereto. In any event, the taking of property without due process of law is a sufficient injury. A mortgagee is entitled to have the rights of the mortgagor foreclosed, but the mortgagor is entitled to have the jurisdictional requirements of the law strictly followed. The commissioner in this case, not being qualified, had no right to act, and his acts are void, the question of injury being immaterial. The power of the court to appoint such a commissioner, and the authority of the commissioner to act, both depend upon these statutes, and both are limited by the provisions thereof. It follows that no judgment of deficiency can be entered until a legal sale has taken place.

The purported sale of real property in this proceeding is vacated and set aside, and the deficiency judgment appealed from is reversed.

Sloane, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 24, 1930.