[Civ. No. 4534. Third Appellate District.—January 18, 1932.]

IDA HOUSTON BARRY, Appellant, v. T. A. SLATTERY, Respondent.

Charles S. McKelvey for Appellant.

Frank P. Doherty, William R. Gallagher, George W. Rochester and L. W. Burdick for Respondent.

PARKER, J., *pro tem.*—This is an appeal by plaintiff from a judgment rendered against her after the demurrer of defendant to plaintiff's second amended complaint has been sustained, without leave to amend said complaint.

Appellant's statement of the case, taken *verbatim* from her brief, follows: "Appellant, by her recitals in the second amended complaint, sets forth that a certain note and mortgage was executed and that a decree of foreclosure therein was properly made, and that a commissioner, appointed by the court, exacted fees and moneys not authorized by the decree of foreclosure; that by such illegal fees, the property was advertised and sold for an amount in excess of that legally due; and that in order to redeem said property, appellant would be compelled to pay the excess sums as set forth in the complaint, together with interest thereon. That by the sale for moneys not authorized by law or the order, or in the order of foreclosure and sale, this appellant was deprived of her property without due process of law, and appellant submits that the said second amended complaint stated a cause of action."

The purpose of the action was to have a sale under foreclosure and the certificate of sale and deed thereunder declared void and annulled, vacated and set aside.

The gist of the pleaded cause of action was that in the decree of foreclosure appointing the commissioner to sell the property, the court fixed the compensation of the said commissioner at $10, which sum was to be in full compensation of said commissioner and to cover all fees to be demanded, collected or received by him, in full for the conduct and completion of said sale. It is then alleged that in the sale the said commissioner demanded and received, in addition to the said amount of $10, an additional sum, made up as follows: Bond, $2.50; for posting notices, $1.50; for obtaining writ, $1; for stenographic services, $2.50; for placing advertisement, 50 cents; for execution of sale, 50 cents;

for deed, $1.50; the total of which amounts to the sum of $10.

The complaint goes on to allege that when the sale was made, or prior thereto, as a part of the proceedings, the commissioner announced that there was due this amount of claimed unlawful charge, in addition to the sum due under the decree, which latter sum totaled approximately $35,000. That the property sold for $34,963.81, and that defendant mortgagee became the purchaser at the sale, and that the time for redemption has expired, and deed to the premises had been issued, by virtue of which the said defendant claimed the fee in the property. There is also an allegation that the reasonable market value of the property is $70,000.

■ We are of the opinion that no error is shown in the action of the court below. At the outset it may be questioned as to whether the items listed did constitute any additional compensation for the commissioner. But, passing that, there is no allegation that the sale was otherwise unfair, or that any irregularities accompanied the same. It is not alleged, nor can we presume, that any statement on the part of the commissioner as to the amount due did in anywise affect the amount bid. A purchaser, at such a sale, otherwise regular, was not charged with the disposition of the funds received, in the absence of collusion.

Appellant has cited many authorities, none of which are in point, save and except as to the general powers of equity. It is conceded that courts of equity will set aside sales made under decrees of foreclosure when the facts warrant or demand such action. But it is likewise a principle of equity that judicial sales will not be declared void for slight reasons and in the absence of at least some prejudice. Courts have always in mind the harmful results likely to follow an easy avoidance of judicial sales. The rule is stated in *Cormick* v. *Hill,* 127 Cal. 162 [59 Pac. 832, 833], as follows: "The rule is to consider every sale made by an officer of court, under the mandate thereof as final. When a party comes into court and asks to set aside a sale, the burden is upon him to show such an irregularity or material departure from the statute as will justify the court in setting it aside." (See, also, *Hopkins* v. *Wiard,* 72 Cal. 259–262 [13 Pac. 687].) There is no contention that the additional charge resulted in more property being sold

than would have been or was necessary. All that can possibly be made from the allegations is that the commissioner got more for the property by claiming these additional fees than if he had not done so. It being conceded that the sale was in all other respects fair, we must assume that the property was sold to the highest and best bidder, and that plaintiff had due and regular notice of the sale. While the powers of a court of equity are almost limitless, yet one cannot invoke its aid merely to see the wheels go around. And in the case before us appellant makes no allegation showing or attempting to show any injury resulting to her by the claimed irregularity, other than the legal conclusion that by such irregularity she was deprived of her property without due process of law. The accounting for the funds received by a court officer on a sale of property is primarily a matter between the court and its officers. There are many ways of reaching and settling questions arising in such cases, without the remedy of setting aside a judicial sale. And where such remedies are so easily available, equity will not interfere. (*Estudillo* v. *Security Loan Co.*, 149 Cal. 563 [87 Pac. 19].)

There is the old rule of law "*de minimis lex*" incorporated in the Civil Code among the maxims of jurisprudence (section 3533), to the effect that the law does not consider trifles. And where, as here, no substantial right has been invaded, and no personal privilege violated, it would indeed seem within this rule to hold that the law would not greatly concern itself in a dispute wherein there was a controversy over the application of charges totaling $10, upon a judicial sale involving some $35,000.

There are other allegations of the complaint not touched upon by either counsel upon this appeal. Both sides submit the controversy upon the one point discussed. We have, however, given attention to these allegations pleaded, more by way of inducement, and find them insufficient to cause any change in the purported cause of action.

In our opinion, the entire proceeding was vexatious and the appeal frivolous.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.