[Civ. No. 4562. Third Appellate District.—June 7, 1932.]

LAURA VIOLET RASEY, Administratrix, etc., Appellant, v. SECURITY FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents.

J. Everett Brown for Appellant.

Brooks Gifford for Respondents.

PLUMMER, Acting P. J.—Plaintiff instituted this action to vacate and set aside a sale, certificate of sale and deed made by the commissioner under a decree of foreclosure and sale made of a certain mortgage wherein Rose Julia Rasey, deceased, had mortgaged certain premises to secure the payment of a promissory note in the sum of $18,000, and interest thereon, which, at the time of foreclosure aggregated a sum between $23,000 and $24,000. To this complaint the respondents interposed a demurrer which was sustained without leave to amend, and from the judgment entered thereafter, this appeal is prosecuted.

The record shows that the property covered by the mortgage was sold to satisfy a judgment in the sum of $23,572.68. Of this amount it is alleged in the complaint that costs in the sum of $66.95 were allowed that should not have been allowed. It appears that the property in question under the foreclosure was advertised twice, and that one of the advertisements cost the sum of $37.50; that the commissioner, while being allowed only the sum of $10, added the expense of the extra advertising and other items, which amounted to the said sum of $66.95, in excess of the costs that should have been allowed the commissioner for making sale. The sale made by the commissioner took place on the thirteenth day of November, 1928. The com-

plaint in this action was filed on the fourth day of February, 1930, approximately fifteen months after the date of sale. There is no showing in the complaint that either the plaintiff in this action or the deceased Rose Julia Rasey, ever sought to redeem the property from the foreclosure sale. No attempt was made to arrest the sale; no attempt to set aside the sale until long after the period of redemption had passed, and not until after the property had been conveyed by the purchaser at the foreclosure sale. No offer was made in this action to pay the amount due, and there is no showing whatever that the plaintiff is able, or can pay the amount due on the mortgage.

If it be conceded that the costs and charges allowed the commissioner were in excess in the sum of $66.95 above what should have been allowed, there is no showing that the plaintiff has been injured thereby, or that said sum of money could not have been recovered by a simple action at law against the commissioner. We may further state that the complaint is entirely silent as to whether any offer was ever made to redeem the property from the foreclosure sale by tendering the amount due on the mortgage, less the sum of $66.95, or any other sum.

There is no allegation in the complaint that the foreclosure sale was not legally or fairly conducted. The only complaint is that the court allowed the commissioner costs in the sum which we have stated, in excess of the amount that should have been allowed.

This case is almost identical with the circumstances disclosed in the case of *Barry* v. *Slattery,* 119 Cal. App. 727 [7 Pac. (2d) 363], where the question of excessive costs allowed a commissioner upon foreclosure sale was presented to this court for consideration. In the Barry case it was alleged that the commissioner was allowed and collected the sum of $10 in excess of what would have been the legal fees and expenses, and that the property was sold for $34,963.81. Here, the property was sold for the sum of $23,578.68. In the Barry case the property was alleged to have a market value of $70,000. In the instant case the property is alleged to have a market value of $80,000. In this case, just as in the Barry case, there is no showing of any injury to the plaintiff by reason of any claimed irregularity in the sale, or that the property was not sold in all

respects according to law, and to the highest bidder. Nor is there any showing, as we have said, that the small item of excessive costs could not have been recovered by an action against the commissioner, or by calling the trial court's attention thereto when the proceedings were being had. What was said by this court, speaking through Mr. Justice *pro tempore* Parker in the Barry case, *supra*, is applicable here, and basing our conclusions thereon, and adopting what was said in the opinion in that case as the reasons for our conclusions here, we must hold that this appeal, like the appeal in the Barry case, is wholly without merit.

The judgment is affirmed.

Parker, J., *pro tem.*, and Thompson (R. L.), J., concurred.