FIRST NATIONAL BANK OF DEADWOOD v. BLACK HILLS FAIR
ASSOCIATION.

1.  In relation to the levy of an execution upon property, the last clause of
    Section 5119, Comp. Laws, provides that, "if no personal property be
    found, an endorsement to that effect must be made on the writ, before
    levy is made on real property." Where the return of the sheriff on
    the writ states that, "after diligent search and inquiry as required by
    law, I could find no personal property of the defendant whereby this ex-
    ecution could be satisfied in whole or in part, and I therefore made an
    endorsement on said execution to that effect, to-wit, 'No personal prop-
    erty found,'" *held*, that this was a compliance with the reason and spirit
    of the statute, and all that was required before levying an execu-
    tion on real property.
2.  If a defendant in execution has personal property, and it is sufficiently
    public so that an officer can know that it belongs to him, it is his duty
    to levy upon and sell it before levying upon and selling real property.
3.  If a defendant has such personal property, and so conceals or places it
    out of the way that the officer cannot find it, if the defendant wishes to
    save his real estate, it is his duty to turn over or expose such property
    before the sale of the real property.
4.  Where real property, consisting of several known lots or parcels, has
    been levied upon, the lots or parcels must be offered for sale separately;
    but, if no bidders can be found for the separate parcels, the land can be
    sold in gross. A creditor cannot be deprived of the privilege of having
    the land sold *en masse* after the fact has been ascertained that it can
    not be sold in lots.
5.  Inadequacy of price of property bought at sheriff's sale is not such an ir-
    regularity as will warrant a judicial or execution sale to be set aside,
    unless accompanied by other facts showing, or tending to show, that
    such inadequate price was brought about by other acts or irregularities
    that were unlawful, or that it resulted from mistake, accident, surprise,
    misconduct, or fraud.

(Syllabus by the Court. Opinion filed May 28, 1891.)

Appeal from circuit court, Lawrence county.

Motion to set aside and vacate a levy and sale under an exe-
cution issued upon a judgment entered upon a default. Motion
overruled. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*McLaughlin & McLaughlin* for appellants.

As the sale in this case was unconfirmed at the time the
motion to vacate was made, that was the only step which the

defendant could take to cure the irregularities. · A conveyance made under a chancery or probate sale, in the absence of an order confirming such sale, is void. This rule is equally applicable to a conveyance made under an unconfirmed execution sale in a state where such sales are required to be reported to and approved by the court. Freeman on Ex. § 311; Rea v. McEachron, 28 Am. Dec. 471; Williams v. Peyton's Lessee, 4 W. 77; McBain v. McBain, 15 O. St. 337; Lessee of Curtis v. Norton, 1 O. 279; Wagner v. Cohen, 46 Am. Dec. 660; Williamson v. Berry, 8 How. .495; Tooley v. Gridley, 41 Am. Dec. 628; Battell v. Torrey, 65 N. Y. 297.

The sale should be set aside because not conducted in accordance with statute, ·in this: that the sheriff did not endorse upon the writ of execution "No personal property found" before making the levy upon the real property in suit. § 315, Code Civ. Proc.

The land sold consisted of several known parcels, but was sold in one aggregate or in gross. This was an irregularity that renders the sale void. Freeman on Ex. §§ 296, 340; § 338 Code Civ. Proc.; Rorer on Jud. Sales, §§ 1101, 1106; Jackson v. Newton, 18 Johns. 355; Rowley v. Brown, 1 Pin. 61; Klopp v. Witmoyer, 43 Pa. St. 219; Brown v. Ferrea, 51 Cal. 552; Rann v. Reynolds, 11 Cal. 14; San Francisco v. Bixby, 21 Cal. 59; Laughlin v. Schuyler, 1 Neb. 409; Bell v. Taylor, 14 Kan. 277; Johnson v. Hovey, 9 Kan. 63; Boyd v. Ellis, 11 Ia. 97; Bradford v. Limpus, 13 Ia. 424; Lay v. Gibbons, 14 Ia. 377; White v. Watts, 18 Ia. 74; Morris v. Robey, 73 Ill. 462; Ames v. Lockwood, 13 How. Pr. 555; ·Cunningham v. Cassidy, 17 N. Y. 276;· Stead v. Course, 4 Cranch, 403; .Lee v. Mason, 10 Mich. 402; Udell v. Kohn, 31 Mich. 195; Statsenburg v. Statsenburg, 75 Ind. 540; Tyler v. Wilkinson; 27 Ind. 450; Piel v. Brayer, 30 Ind. 332; Bardens v. Huber, 60 Ind. 132; Whisnand v. Small, 65 Ind. 120; Mays v. Wherry, 58 Tenn. 133.

Inadequacy of price alone is not sufficient to cause a sale to be set aside, but taken in consideration with other irregularities, it furnishes strong grounds for setting aside a sale. Freeman on Ex. § 309; Howell v. Baker, 4 Johns Ch. 118; Tier-

nan v. Wilson, 6 Id. 411; Groff v. Jones, 6 Wend. 522; Boyd v. Ellis, 11 Ia. 97; Voss v. Johnson, 41 Ind. 19; Morris v. Robey, 73 Ill. 462.

Moody & Washabaugh and Martin & Mason for respondents.

The motion of defendant to set aside and vacate the sale was properly overruled by the lower court for the reasons, *first*, that no exceptions to the report of sale were filed by defendant; *second*, that the motion was not made within a reasonable time. Rule 33, Rules Circuit Court; Raymond v. Pauli, 21 Wis. 531; Stewart v. Marshall, 4 G. Greene. 75.

The failure on the part of the sheriff to indorse upon the writ "No personal property found" before levying upon the real property in question, was not such an irregularity as will avoid the sale, his return showing that he was unable to find any personal property. Kochler v. Ball, 2 Kan. 173; Treptow v. Buse, 10 Kan. 177; Collins v. Ritchie, 2 Pac. 623.

The sale of the property in gross under the facts in this case will not vitiate the sale. Hammet v. Farmer, 2 S. E. 507; Freeman on Ex. § 296; Tifft v. Barton, 4 Den. 171; Gleason v. Hill, 2 Pac. 413; Coolbaugh v. Roemer, 21 N. W. 472; Dickert v. Weise, 2 Utah, 350; Phelps v. Conover, 25 Ill. 272; Van Volkenburg v. Trustees, 66 Ill. 103; Burmeister v. Dewey, 27 Ia. 469; Lamb v. McConkey, 40 N. W. 77; Nix v. Williams, 11 N. E. 36.

Mere inadequacy of price, unaccompanied by proof of fraud or other inequitable circumstances, is not sufficient cause for setting aside a sale. Freeman on Ex. § 309; Cavender v. Smith, 1 Ia. 355; Wollam v. Berger, 25 Ia. 456; Wood v. Young, 38 Ia. 103; Roe v. Ross, 2 Ind. 99; Sowels v. Harvey, 20 Ind. 217; Kerr v. Haverstick, 94 Ind. 178; Greenup v. Stokes, 12 Ill. 25; March v. Ledlum, 3 Sand. Ch. 50. Mere irregularities in a sheriff's sale are not sufficient, in connection with gross inadequacy of price, to vacate the sale, unless they are shown to have in some way led to such inadequacy. McKennon v. McGown, 11 S. W. 532; Peterson v. Little, 37 N. W. 169; Rorer Jud. Sales. §§ 1087–8, 1095.

BENNETT, J. The plaintiff recovered a judgment against

the defendant upon default, and on the judgment an execution was issued. The sheriff, without indorsing upon the execution, "No personal property found," and without any levy made upon the personal property of the defendant, levied upon certain real estate, the property of the defendant, and sold it. This consisted of the S.E.$\frac{1}{4}$ of the S.W.$\frac{1}{4}$ of section 18, upon which are the race track, which is inclosed, grand stand, exhibition rooms, band stand, stables, and fences of defendant; and the E.$\frac{1}{2}$ of the N.W.$\frac{1}{4}$, and lots 1 and 2, in section 19, township 5, range 4 E. B. H. M., containing 198.29 acres, and all the improvements thereon. The same was advertised and was sold in bulk, not in several tracts. The return of the sheriff shows that he offered the above described property in separate parcels, but received no bids for the same, and then offered it as a whole, and it was sold to the plaintiff for $436.78, —the plaintiff being the highest and best bidder,—and that he executed, acknowledged, and delivered to the plaintiff a certificate of sale, and the execution was returned satisfied. The sale was made on the 4th day of February, 1889. On the 29th day of April, 1890, the defendant served a notice of motion for an order of the court to set aside and vacate the levy and sale, the same not having been previously confirmed. The grounds of the motion were: (1) That the personal property of said defendant was not first taken on execution; (2) that no indorsement, "No personal property found," was made on the execution before levy on real estate; (3) that the real estate was sold together, and not separately; (4) that $62.50 paid is not credited on the judgment; (5) that the cashier of said plaintiff was vice president, treasurer, and a director of defendant; (6) that the price paid was wholly inadequate. Upon the hearing, affidavits and counter affidavits were offered. After hearing the same, the court overruled the motion to set aside and vacate, to which judgment of the court the defendant excepted, and perfected an appeal. The assignment of errors substantially raises the same points as in the motion to set aside and vacate, and need not be formally repeated. The sale was made Feb. 4, 1889. The motion to set aside was not made until May

12, 1890.   The sheriff filed his report of sale in the clerk's office on the 15th day of May, 1889, and no exceptions were filed for or on behalf of defendant to said report until after the time for redemption had expired.   This does not seem to us to be within a reasonable time.   Undoubtedly, a reasonable time must be some time within the period fixed by the law for redemption.   If that period is allowed to expire, the application cannot afterwards be made, unless under special circumstances, showing some reasonable excuse for the delay, and then it would be doubtful if a court of law could afford the relief.   Raymond v. Pauli, 21 Wis. 538;  Stewart v. Marshall, 4 Iowa, 75.   Numerous decisions are found that after the purchaser had paid his money and obtained a deed it is too late for a motion to set aside the sale.   Sumner v. Moore, 2 McLean, 64; Blair v. Greenway, 1 Browne, (Pa.) 218; Chambers v. Stone, 9 Ala. 260.   In the case at bar the abstract does not disclose that the respondent had received a deed from the sheriff, but, as the time for redemption had expired, he was entitled to one, and the appellant's right was foreclosed as much as though a deed had actually passed.   But, conceding that the motion was made within a reasonable time, the appellant insists that the sale should be set aside because it was not conducted in accordance with the statute, in this: that the sheriff did not indorse upon his writ, "No personal property found," before making a levy upon real property.   Section 5119, Comp. Laws, provides, in its last clause, that, "if no personal property be found, an indorsement to that effect must be made on the writ, before levy is made on real property."   If no such indorsement is found upon the writ in question, nor any evidence in the return that appellant had not sufficient personal property to satisfy the execution, the sale, for that reason, should not have been confirmed.   But the return of the sheriff states "that after diligent search and inquiry, as required by law, I could find no personal property of the defendant whereby this execution could be satisfied, in whole or in part, and I therefore made an endorsement on said execution to that effect, towit, 'No personal property found;' and thereafter, towit, on the 31st

day of December, A. D. 1888, by virtue of this execution, I duly levied upon and seized the following described real property," etc. The return shows that the sheriff made search for personal property. He received the execution at 4 o'clock A. M., December 22, A. D. 1888, but did not levy on the real estate until the 31st day of December, 1888, nine days after it came into his hands,—a sufficient lapse of time to enable him to make the diligent search for personal property, and to have found it if the defendant had it. If the defendant had personal property, and it was not sufficiently public so that the officer could know that it belonged to them, it was its duty, if it wished to save its real estate, to turn over or expose such property to the officer before the sale. If it had such property, and so concealed it, or it was so placed out of the way that the sheriff could not find it, of what avail would it be to the creditor? It would be trifling with the officers of the law, and the law itself, to set aside a return for such reasons. If judgment debtors have personal property, let them turn it over, or put it out to the sheriff; and then, if he persists in selling the realty, they have cause for complaint. Until this is shown, the defendant has no cause for complaint. The return of the sheriff shows clearly a compliance with the reason and spirit of the statute. It shows that he exercised a reasonable and ordinary diligence to discover personal property, and that is all that is required before levying on real property.

Again, it is claimed by appellant that the sale being made in gross was such an irregularity that should vitiate it. The appellant admits that the rule in most of the states is undoubtedly that mere irregularities will be no cause for setting aside the sale when the property is bought by one not a party to the record, and without notice of such irregularities. But the appellant insists that the plaintiff and purchaser in the case at bar stands in a different position, and is charged with notice of all such irregularities. This position is, no doubt, correct; but do the facts set forth in the abstract warrant the setting aside of this sale because it was made in gross? We think not. The Code provides, as to sales of real property on execution, as

follows: "And when the sale is of real property, consisting of several known lots or parcels, they must be sold separately." The object of this statute is to insure as large a price as possible, and also to enable a debtor to redeem a part only of the land sold, if he desires. Yet it cannot be said that, in case no one is found to bid on each separate parcel or tract, the creditor is deprived of the privilege of having the land sold in gross after this fact has been ascertained. The provision of the law was designated to benefit the debtor, and also to give smaller purchasers the opportunity to buy subdivisions of the realty levied on, if any there should be found present at the sale. The sheriff's return shows that he first offered the property in separate parcels, and called for bidders, but none responded, and, receiving no bids, he offered the land as a whole, and it was sold. In the case of Phelps v. Conover, 25 Ill. 313, a decision under provisions of a statute in effect like our own, Judge Breese says: "Where a farm is composed of several adjoining tracts of land, it would be the duty of the officer to offer each tract separately, using his own judgment as to subdivisions; and if the smaller subdivision will not sell, then add another subdivision to it, and so on until it has been offered in subdivisions, when not selling, it would be but just to the creditor to sell it on a reasonable bid, *en masse*, the officer making a full return of all the facts." Much is necessarily confided to the discretion of the sheriff in making sales of real estate, and a sale will not be set aside unless it clearly appears that there has been an abuse of this discretion, to the substantial injury of the execution defendants. This is not shown to have been in the case at bar. On the contrary, it is disclosed that the defendant, previous to the judgment and sale, had voluntarily included the two or more tracts of land in one mortgage, and that the execution sale was made subject to this mortgage. A purchaser of a part of the property would have no right to redeem *pro tanto*. The mortgagee could not be compelled to receive a part of his debt, and relinquish as to a part of the property. The voluntary act of the defendant has placed it in a position where it cannot complain of the sale that was made in

gross.     Freem. Ex'ns, § 296; Tiff v. Barton, 4 Denio. 171.

The inadequacy of price is also complained of as another cause why the sale should be set aside.   Inadequacy of price is not such an irregularity as will warrant a judicial or execution sale to be set aside, unless accompanied by other facts showing or tending to show, that such inadequate price was brought about by other acts or irregularities that were unlawful, or resulting from mistake, accident, surprise, misconduct, or fraud. The evidence fails to establish any fraud in the sale by the sheriff, or on the part of the plaintiff, or the purchaser, or that any bad faith was practiced by any of the parties to the transaction.    There is not one fact proved by the whole evidence which is inconsistent with good faith, or that the levy and sale were not properly conducted, or that the defendant or purchaser did anything to prevent bidders from attending the sale and purchasing the property.    It was its right to collect its judgment, and we know of no rule requiring it to bid more than its judgment, interest and costs.    The evidence shows that, at the largest estimate of the worth of the property on the day of sale, it brought more than one third of its value, taking into consideration the mortgage lien upon the property. The period of redemption fixed by statute is ample protection for a debtor against an inadequate price of a judicial or execution sale of real property.    The smallness of the bid is in fact to his benefit, for he has this much less to pay on redemption day. The judgment debtor having allowed the redemption day to pass without redeeming, and showing no cause why he has done so, must suffer from his own laches, and, if a wrong has been done, he can lay the blame to no one but himself.    The judgment on the order overruling the motion to set aside and vacate the sheriff's sale is affirmed.    All the judges concurring.