FIENUP, Appellant, v. KLEINMAN et al, Respondents.

(172 N. W. 804).

(File No. 4538.   Opinion Filed June 3, 1919).

**Foreclosure—Sale, Separate Tracts Sold in Bulk, No Bidders Re Separate Tracts, Validity—Statute Construed—Redemption Right Re Separate Sales.**

Under Code Civ. Proc., Sec. 369 (Sec. 2626 Code 1919), concerning foreclosure sales of realty and providing that separate tracts, or parcels, must be sold separately, held, that where mortgaged land consisting of some 31 forty acre subdivisions, and consisting of 4 separate tracts, was sold on foreclosure sale to the foreclosure judgment creditor as one tract, although each of the 40 acre subdivisions was offered for sale separately, no bids being received therefor, was invalid; the statute being mandatory and making no exceptions in cases where no bids are received for separate tracts; and since the mortgage or judgment creditor may bid at the sale, there cannot be a failure to sell for want of bidders; he being presumed to have knowledge of value of the various tracts and can bid accord-

ingly; thus permitting debtor to exercise his right to redeem from each individual sale if unable to redeem the entire amount of mortgage debt; nor is it material that trial court found the land was sold for about its reasonable value, and that plaintiff mortgagor was not financially able to purchase the property had it been sold in separate tracts.

Appeal from Circuit Court, Pennington County. HON. JAMES McNENNY, Judge.

Action by Gustav Fienup, against A. B. Kleinman and Clyde M. Cessna as Sheriff of Pennington County, to set aside a mortgage foreclosure sale of realty. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

*Williams & Sweet,* and *W. G. Rice,* for Appellant.

*Buell & Denu,* for Respondents.

Appellant cited: Power v. Laraber (N. D.), 57 N. W. 79; Brown v. Frisbie, et al 51 Cal. 553; Hibernia Sav. & L. Society v. Benke, 121 Cal. 341, 53 Pac. 812; Connick v. Hill, 127 Cal. 164, 59 Pac. 832; Jones on Mortgages Vol. 3 pp. 214 (7th Ed.); First Nat. Bank Deadwood v. B. H. Fair Ass'n, 2 S. D. 151.

Respondent cited:

Sec. 649, Code Civ. Proc. Cal., Kerr's Codes, Vol. 3, p. 1177; Martson v. White, 91 Cal. 37, 27 Pac. 588; Hibernia Sav. & L. Society v. Behnke, 121 Cal., 339, 53 Pac. 812; Connick v. Hill, 127 Cal., 162, 59 Pac. 832; Anglo-Californian Bank v. Cerf, 142 Cal. 303, 75 Pac. 902; Glenn v. Bechtle, 152 Cal. 443, 93 Pac. 75; White v. Crow, 110 U. S. 183, 4 Sup. Ct. 71, 28 L. Ed. 113.

POLLEY, J. The sheriff of Pennington county sold a quantity of land, under an execution issued on a decree of foreclosure of a mortgage. The land consisted of four separate tracts, or parcels, but was sold in a mass as a single tract. Plaintiff brought this action, within the period of redemption, for the purpose of having the sale set aside. Section 369, Code of Civil Procedure (section 2676, Code 1919), provides that separate tracts, or parcels, of land must be sold separately. This provision of law was enacted for the benefit of judgment debtors whose property has been sold on execution, in order that they may redeem one or more of the separate tracts, if they so desire, without being compelled to redeem them all. A debtor may be able to redeem one

or more of several tracts when he could not redeem them all; but if all have been sold en masse for a lump sum, no single tract can be redeemed, for there is no basis for determining the amount necessary to redeem anything less than the whole. The land sold consisted of some 31 40-acre subdivisions; and, in making the sale, the sheriff offered each 40-acre tract by itself, but received no bids. He then offered it in 80-acre tracts, then in 160-acre tracts, but in each case received no bids. He then offered it all, and the judgment creditor bid it all in for the whole amount of the judgment. This was contrary to the statute, and the sale should be set aside. Respondent relies upon what is said by this court in First Natl. Bank of Deadwood v. Black Hills Fair Ass'n, 2 S. D. 145, 48 N. W. 852, in support of the sale. In that case the premises sold consisted of five government subdivisions, but they were contiguous and constituted a single tract. The conclusion of the court seems to be based upon the ground that the motion to vacate the sale was not made within the period of redemption. In Thompson v. Browne, 10 S. D. 344, 73 N. W. 194, this court upheld a sale of two adjoining city lots, but in that case the motion to vacate was not made until after the expiration of the period of redemption. It also appeared that, after the expiration of the period of redemption, the judgment debtor recognized the purchaser's title by accepting a lease of the premises from such purchaser. It further appeared that the two lots were occupied by a three-story, brick building, that could not be divided. The same rule has been adopted in North Dakota. Power v. Larabee, 3 N. D. 502, 57 N. W. 789, 44 Am. St. Rep. 577; Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739. Under a statute similar to ours, the California court formerly held that a sale of separate tracts of land in a mass was an irregularity that warranted setting aside a sale. Browne v. Ferrea et al., 51 Cal. 552. But, in later cases, that court has held—but without giving any reason for changing the rule—that if the property is offered in separate tracts, the statute is satisfied; and, if no bids are received for the separate tracts, the whole may be sold en masse. Anglo-California Bank v. Cerf. et al., 142 Cal. 303, 75 Pac. 902; Marston v. White et al., 91 Cal. 37, 27 Pac. 588. We can see no reason why the statute should not be upheld where the action to vacate the sale has been commenced within a

reasonable time. The statute is mandatory in terms, and makes no exceptions in cases where no bids are received for separate tracts or government subdivisions. The mortgage or judgment creditor has the privilege of bidding at the sale; therefore there cannot be a failure to sell for want of bidders. The judgment creditor's only right is to have the property sold for enough to pay his debt. He is presumed to have knowledge of the value of the various tracts, and can bid on each tract according to its value. In this way his debt will be as fully paid as though the property were all sold in a lump; and the judgment debtor may redeem, if able, one or more tracts without being compelled to redeem them all.

The sheriff who made the sale testified that the mortgaged land was in four distinct tracts. The trial court found that the land sold for about its reasonable value, and that plaintiff was not able, financially, to have purchased the property if it had been sold in separate tracts. But these facts are wholly immaterial. The court further found that he was not able to, and did not intend to, redeem any part of the land. This is a violent presumption, to say the least, when the plaintiff is in court asking to have the land sold in tracts for the very purpose of permitting him to redeem one or more of them.

The sale should be set aside and a new sale ordered. The judgment appealed from is reversed.

McCOY, J., took no part in this decision.