HAGAN, Appellant, v. PRATT et al, Respondents.

(192 N. W. 370.)

(File No. 5199. Opinion filed March 7, 1923.)

Mortgages—Foreclosure—Sale on Foreclosure by Advertisement of
All of Single Farm, Though Consisting of Several Governmen-
tal Subdivisions, Sustained.

Under Rev. Code 1919, Sec. 2883, as to foreclosure by ad-
vertisement, sale en masse held warranted, the premises, though
consisting of several contiguous governmental subdivisions con-
stituting but one farm, and it being irrigated from wells on one
of the subdivisions and there having been no bid when the
premises were offered in smaller lots.

Appeal from Circuit Court, Charles Mix County; Hon. R. B.
Tripp, Judge.

Action by W. A. Hagan against C. W. Pratt and another.
Judgment for defendants, and plaintiff appeals. Affirmed.

*E. P. Wanzer* and *Jas. R. Bandy*, both of Armour, for Appellant.

*A. B. Beck,* of Geddes, for Respondents.

Appellant cited: Baker v. Chester Gas Co., 73 Pa. St. 116; Wolf v. Holton (Mich.), 75 N. W. 762; Lazerlere v. Starkweather, 38 Mich. 104.

Respondent cited: Gillespie v. Smith, 29 Ill. 473, 81 Am. Dec. 328; Willard v. Finnegan, 42 Minn. 476, 44 N. W. 985; Benton Land Co. v. Zeitler, 182 Mo. 251, 81 S. W. 374; Givens v. McCray, 196 Mo. 306, 93 S. E. 374; Bailey v. Hendrickson, 25. N. D. 500, 143 N. W. 134.

GATES, J.  The question raised on this appeal is as to the validity of a sale of real estate under mortgage foreclosure by advertisement.  Section 2883, Rev. Code 1919, reads as follows:

"If the mortgaged premises consist of distinct farms, tracts or lots, they must be sold separately, and no more farms, tracts or lots must be sold than shall be necessary to satisfy the amount due on such mortgage at the date of the notice of sale, with interest, and the costs and expenses allowed by law."

The mortgage in question was a fourth mortgage.  The three prior mortgages aggregated $19,000.  The second and third mortgages were past due.  The mortgaged premises (under each of the four mortgages) consisted of ten governmental subdivisions, but they were contiguous and constituted but one distinct farm or tract containing 391.48 acres.  Furthermore the farm was an irrigated farm, supplied with water from wells upon one of the governmental subdivisions.  At the sale the sheriff first offered the premises in approximately 40-acre tracts, then in approximately 80-acre tracts, then in approximately 120-acre tracts, then in approximately 160-acre tracts, and, having received no bid, he offered and sold the premises en masse to the mortgagee for the full amount due under the fourth mortgage.  This action was begun on the last day of the period of redemption to set aside the sale.  From a judgment for defendants, the plaintiff appeals.

Appellant relies upon Fienup v. Kleinman, 42 S. D. 43, 172 N. W. 804.  There we had under consideration a sale of real estate under mortgage foreclosure by action.  Rev. Code 1919, § 2676.  There the premises sold, consisting of 31 governmental subdivisions, constituted four separate and distinct farms or tracts.

That was an action to set aside the sale, so that redemption could be made of one or more of the tracts. It was begun before the period of redemption had expired, and was a case where the relief sought appealed strongly to equity. Under the facts of that case we held that the sale should be set aside.

Here the mortgaged premises undeniably consist of but one farm or tract. That is sufficient to sustain the foreclosure sale and the approval thereof by the trial court. But we may also say that in this case, by reason of the facts above recited, the rights of the third mortgagee appeal more strongly to equity than do the rights of the mortgagor.

The judgment is affirmed.

Note—Reported in 192 N. W. 370. See American Key-Numbered Digest, Mortgages, Key-No. 358, 27 Cyc. 1480-1481.