NELSON, Respondent, v. CASPARY, Appellant.

(195 N. W. 552.)

(File No. 5337. Opinion filed October 18, 1923.)

1. **Mortgages—Foreclosure—Action to Set Aside Sale on Foreclosure by Advertisement Should Be Brought During Period for Redemption.**

   An action to set aside a mortgage foreclosure by advertisement should ordinarily be brought before the period of redemption expires.

2. **Mortgages—Foreclosure—Sale of Three Quarter Sections Together Not Ground for Setting Aside When Constituting One Farm.**

   Where mortgaged premises, though consisting of three contiguous quarter sections, constituted a single farm, a sale thereof upon foreclosure by advertisement in bulk will not be set aside.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Action by Carl M. Nelson against Charles Caspary and F. H. Simons, to set aside a mortgage foreclosure. Judgment for plaintiff, and defendants appeal. Reversed.

*P. A. Hosford,* of Winner, for Appellants.

*Hannett & Hannett,* of Winner, for Respondent.

Appellant cited: Rev. Code 1919, Sec. 2883; Rodgers v. Caldwell, 32 N. E. 693; Larzelere v. Starkweather, 38 Mich. 96; Worley v. Naylor, 6 Minn. 192; Webster's Standard Dictionary, "farm"; Anderson's Law Dictionary; Aldrich v. Gaskill, 10 Cush. 158; Black v. Hill, 32 Ohio. St. 318; State v. Jordan, 17 So. 742-745, 35 Fla. 1; Martin v. Cole, 38 Iowa 141-146; In re Drake (U. S.), 114 Fed. 229-321; Goodtitle v. Paul, 2 Burrows 1089-1094; Pepper v. O'Dowd, 39 Wis. 538; Willard v. Finnegan, 44 N. W. 985; Clark v. Kraker (Mich.), 53 N. W. 706; Middlesex Banking Co. v. Lestes, 7 S. D. 333; Cronkhite v. Buchanan, 53

Pac. 863; Bechtel v. Wier (Cal.), 93 Pac. 75; Northwest Mortgage Co. v. Bradley, 70 N. W. 648; Banking Co. v. Lester (S. D.), 64 N. W. 168; Willard v. Finnegan (Minn.), 44 N. W. 985; Bunker v. Rand, 19 Wis. 253; Raymond v. Pauli, 21 Wis. 538; Hoffman v. Buschman (Mich.), 55 N. W. 458; 115 U. S. 439, 29 L. ed. 440, 443; 27 Cyc. 1480; Yale v. Stevenson, 58 Mich. 537, 25 N. W. 488; Merrill v. Nelson, 18 Minn. 366; Kellogg v. Carrico, 47 Mo. 157; Henderson v. Austin, 34 Barb. 319; Maxwell v. Newton, 65 Wis. 261, 27 N. W. 31; Field v. Brokaw, 159 Ill. 560, 42 N. E. 877; Patton v. Smith, 113 Ill. 499; Davis v. Dresback, 81 Ill. 383; Street v. Beal, 16 Iowa 68, 85 Am. Dec. 504; Durm v. Fish, 46 Mich. 312, 9 N. W. 429; Griswold v. Fowler, 24 Barb. 135; Woodhull v. Osborne, 2 Edw. 614; Fergus v. Woodworth, 44 Ill. 374; Walker v. Schum, 41 Ill. 462; Hull v. King (Minn.), 37 N. W. 792.

Respondent cited: Fienup v. Kleinmann, 172 N. W. 804; Words and Phrases, 2969; Morse v. Sebold, 35 N. E. 269; Tredwell v. Clark, 77 N. Y. Supp. 350; Coosau Min. Co. v. Caroline Min. Co., 75 Fed. 860; First National Bank of Deadwood v. Black Hills Fair Assn., 2 S. D. 145; Thompson v. Brown, 10 S. D. 347.

GATES, J. This is an action to set aside a mortgage foreclosure by advertisement. Findings and judgment were for plaintiff setting aside the sale. Defendants appeal from the judgment and an order denying new trial.

[1, 2] The action was not begun until nearly two months after the sheriff's deed was issued. Ordinarily an action like this ought to be brought before the time for redemption expires. There are no facts disclosed that would excuse plaintiff's laches in that behalf. The trial was had and judgment rendered and order denying new trial made prior to the handing down of the opinion in Hagan v. Pratt, 46 S. D. 267, 192 N. W. 370, and the trial court in this case evidently misunderstood the effect of the decision in Fienup v. Kleinman, 42 S. D. 43, 172 N. W. 804. In this case the mortgaged premises although consisting of three contiguous quarter sections constituted but one farm. In Hagan v. Pratt, supra, in discussing Fienup v. Kleinman, supra, we said:

"Here the mortgaged premises undeniably consist of but one

farm or tract. That is sufficient to sustain the foreclosure sale and the approval thereof by the trial court."

Following that decision the judgment and order appealed from must be reversed.

Note.—Reported in 195 N. W. 552. See. Headnote (1), American Key-Numbered Digest, Mortgages, Key-No. 369(5), 27 Cyc. 1509 (1924 Anno.); (2) Mortgages, Key-No. 358, 27 Cyc. 1480.