CONRAD et al, Respondents, v. CARPENTER, Appellant.

(205 N. W. 376.)

(File No. 5250. · Opinion filed October 2, 1925.)

**Mortgages—Judicial Sales—Foreclosure Sale of Single Farm en Masse Held Not Contrary to Statute.**

Foreclosure sale of single farm en masse, after receiving no bids when offered in government survey subdivisions and combinations thereof, held not in violation of Rev. Code 1919, Sec. 2883.

Appeal from Circuit Court, Brule County; Hon. FRANK B. SMITH, Judge.

·Action by Willie Conrad and another against E. S. Carpenter. Judgment for plaintiffs, and defendant appeals. Reversed and remanded, with direction to dismiss action.

*M. Q. Sharpe,* of Kennebec, for Appellant.
*Miller & Mitchell,* of Mitchell, for Respondents.

Appellant cited: First National Bank v. Association, 2 S. D. 145, 48 N. W. 852; Fienup v. Kleinman, 172 N. W. 804.

Respondent cited: First National Bank v. Black Hills Fair

Association, 2 S. D. 145, 48 N. W. 852; Fienup v. Kleinman, 172 N. W. 704; Power v. Larabee (N. D.), 57 N. W. 789.

DILLON, J. This is an action brought for the purpose of setting aside and canceling proceedings for foreclosure of a real estate mortgage by advertisement. The real estate in question consists of 815.20 acres, all contiguous. Plaintiff, George Conrad, obtained the entire tract by one deed, and later conveyed the entire tract to his wife by one deed. There is only one set of farm buildings upon the land, and the land was farmed as one farm. At the sale by foreclosure, the sheriff offered the land in its government survey subdivisions and in different combinations of subdivisions, and, receiving no bids, the sheriff then sold the land "enmasse," as one distinct farm. Appellant claims that selling the land "en masse" was in violation of the provisions of section 2883, Rev. Code 1919. However, the fact that the land consisted of one farm brings the case within the rule laid down in First Nat. Bank v. Black Hills Fair Assn., 2 S. D. 145, 48 N. W. 852; Hagan v. Pratt, 46 S. D. 267, 192 N. W. 370; Nelson v. Caspary, 46 S. D. 632, 195 N. W. 552, and James Valley Bank v. Nicholas, 47 S. D. 461, 199 N. W. 117. The sale was, therefore, regular.

The judgment and order appealed from are reversed and the cause remanded, with direction to dismiss the action.