JAMES VALLEY BANK, Respondent, v. NICHOLAS et al, Appellants.

(210 N. W. 191.)

(File No. 5931.   Opinion filed October 7, 1926.)

**Judgment—Usury—Bills and Notes.**

Motion to vacate deficiency judgment on usurious mortgage note held properly denied, where defense of usury was not raised at trial, and for that reason was not considered on appeal which resulted in affirmance.

Note.—See, Headnote, A m e r i c a n  Key-Numbered  Digest,
Judgment, Key-No. 377, 34 C. J. Sec. 499.

Appeal from Circuit Court, Hand County; Hon. Alva E.
Taylor. Judge.

Action by the James Valley Bank by F. R. Smith, Superin-
tendent of Banks of South Dakota, against Percy Nicholas and
another. Judgment for plaintiff was affirmed on appeal. De-
fendants' motion to vacate the judgment was denied and they
appeal. Affirmed.

*Frank R. Fisher,* of Miller, and *Gardner & Churchill,* of
Huron, for Appellants.

*Harlan J. Bushfield,* of Miller, for Respondent.

DILLON, J.  This proceeding is brought to have a deficiency
judgment vacated.  The record discloses the following facts: That
on December 1, 1919, appellants gave to the Guaranty State Bank
of Ree Heights, S. D., a promissory note for $6,000, secured by a
mortgage on certain land in Hand county, S D.; said mortgage
being subject to a prior loan made by the state of South Dakota
in the amount of $10,000 upon the same premises.  Said note pro-
vided for interest at the rate of 10 per cent, and further provided
that the principal and interest, if not paid when due, should bear
interest at 12 per cent.  Said Guaranty State Bank sold this note
and mortgage before maturity to the respondent in this action.
Appellants defaulted in their interest payments, and on August 5,
1921, respondent foreclosed by advertisement, and the sheriff of
Hand county sold said premises to respondent for the sum of
$5,117.40; $60.10 of this amount being the costs of such foreclo-
sure sale.  The amount due on the note at the time of said fore-
closure sale was $7,117.40, so there was a balance due of $2,000.
Respondent then secured a deficiency judgment against appellants
for $2,050.55.  Appellants appealed from such judgment and an
order denying a new trial, and in James Valley Bank v. Nicholas
et al, 47 S. D. 461, 199 N. W. 117, this court held that appellant's
first defense, viz., that, since the note provided on its face for the
payment of usurious interest, it is void, could not be considered,
since "this defense is raised for the first time on the argument in
this court.  It is not pleaded in the answer, nor was it presented
to the trial court on the trial, nor on the motion for a new trial,

nor in this court by any assignment of error." It was further held in the opinion handed down at that time that the sale was legal upon the authority of Nelson v. Caspary, 46 S. D. 632, 195 N. W. 552; Hagan v Pratt, 46 S. D. 267, 192 N. W. 370, and Bank v. Fair Ass'n, 2 S. D. 145, 48 N. W. 852. An application for a rehearing was made, which application was denied by this court. Appellants then moved the circuit court of Hand county to set aside and vacate the deficiency judgment ordered about three years previous, upon the ground that the note, upon which said judgment was issued, called for a rate of interest in excess of that permitted by law. The motion came on for hearing, and respondent demurred upon the following grounds:

"(1)  That such application did not state grounds sufficient to constitute a ground of relief.

"(2)  That the issues raised by such motion are res adjudicata

"(3)  That the defendants are guilty of laches.

"(4)  That the defendants are now estopped after having had their day in court and after having appealed to the Supreme Court from such judgment.

"(5)  That the note in question was not void on its face, and the defendants, by failing to make the defense of usury at the trial of such action waived such defense.

"(6)  That the motion of the defendants is now barred by the statute of limitations.

"(7)  That the face of the record set out in the defendants' application shows that there was no usury charged by the plaintiff."

The lower court held that the foreclosure proceedings and the deed issued thereon were valid, and could not be assailed in this proceeding or in a collateral action. It is from such order that this appeal is taken.

Appellants urge three defenses: First, that the promissory note is void, having been executed in violation and contrary to the provisions of sections 1041 and 1042, R. C. 1919; second, that the note is prohibited by statute, and is against public policy; third, that the judgment is void.

It becomes unnecessary for this court to decide whether or not the note was usurious, as appellants cannot now avail themselves of that defense. Sections 1041 and 1042, R. C. 1919, were in force at the time respondent secured the deficiency judgment, nearly three years ago, and, since they failed to avail themselves of the defense of usury at that time, the issue has become res adjudicata. All litigation must come to an end, and the same issue cannot be canvassed in two actions. 34 Cyc. 1666.

The order of the trial court denying the motion to vacate the judgment is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

GATES, P. J., and CAMPBELL and POLLEY, JJ., concur in the result only.