LOCKHART, Appellant, v. RUDEN, Superintendent of Banks, Respondent (Security National Bank, et al, Interveners).

(250 N. W. 349.)

(File No. 7503. Opinion filed October 9, 1933.)

*Perry F. Loucks* and *Alan L. Austin,* both of Watertown, for Appellant.

*Walter A. Gronna,* of Clear Lake, for Respondent.

WARREN, J. The Bank of Clear Lake, S. D., while a solvent corporation, obtained a real estate mortgage upon real property belonging to the plaintiff. Later the bank became insolvent, and during the process of liquidation by the Superintendent of Banks of the state of South Dakota, foreclosure proceedings by action were instituted, and upon default by plaintiff a decree of foreclosure was entered in the circuit court of Deuel county, S. D. Thereafter a special execution in said foreclosure proceedings issued and a levy and sale made upon an undivided interest in certain real property, a sale thereof made, and a return indorsed upon the execution leaving a balance of $3,302.10 due and unpaid. Thereafter on February 18, 1930, a general execution was issued on this deficiency judgment and a levy made upon certain real estate belonging to the plaintiff, and under date of March 29, 1930, the sheriff of Deuel county, S. D., proceeded to sell said real estate complying with the different formalities attendant in such cases.

The record discloses that there were three different tracts of real property embraced within the levy and sale. One of them covered five lots which contained a dwelling house situated on two of the lots and two barns situated on the said five lots; said lots being within the city of Clear Lake, S. D. The lots were contiguous, and it is evident that they were used as one tract, and from the evidence it would seem that the premises were used for one purpose and in one tract. The evidence further discloses that another tract of land was located in township 116, R. 49, Deuel county, S. D., and consisted of certain lots, parcels, and governmental subdivisions, and that all of said parcels were contiguous and were used and occupied as one separate and distinct farm or body of land used as a separate and distinct farming unit. By a further examination of the evidence we find another farm or tract of farm land located in township 117, R. 48, Deuel county, S. D., which farm consisted of fractional governmental subdivisiors of 80 acres, and was used and farmed as a separate and distinct farm. Thus it will be noted that we have three separate and distinct tracts of land included in the proceedings before us.

The record before us indicates that the sheriff in making the sale of each of said separate tracts proceeded by offering for sale fractional subdivisions, lots, and parcels of land within each tract, and, upon receiving no bids, added additional subdivisions thereto, and when he received no bids therefor, he then offered the tract en masse. He then passed on from the first separate tract as hereinbefore enumerated to the second tract, and made offers of sale precisely the same as he did on the first tract, and, receiving no bids, sold the tract en masse. The same proceedings were also had in the sale of the third tract.

A certificate of sale was issued to the Bank of Clear Lake for various amounts, including interest, taxes, and delinquent taxes as follows: For the tract located in the city of Clear Lake, the sum of $1,050.44; the tract in township 116, R. 49, Deuel county, S. D., the sum of $2,310; and the tract in township 117, R. 48, Deuel county, S. D., the sum of $150. Thereafter, and within the time allowed by law, proceedings in confirmation of said sales were had and the sales of the different tracts were confirmed by the circuit court. Later the Bank of Clear Lake by proceedings obtained a sheriff's deed to said tracts.

Some time in November, 1931, the Plaintiff commenced an action for the cancellation and annulment of the sheriff's certificate of sale and the order confirming the sale and the cancelling of the record relating to the records thereof. Defendant answered and plaintiff replied, and upon the issues tendered by the complaint, answer, and reply a trial was had in the circuit court, which trial resulted in findings of fact and conclusions of law and a judgment for the defendant bank. Thereafter a motion for new trial was made, which was denied. The plaintiff has appealed from the judgment and order denying the motion for new trial.

The trial court made findings of fact favorable as to the regularities of the sale, including the notice, the method and manner of conducting the sale, and in selling the property in three different tracts, and further found that after the sale the circuit court had confirmed the sale of said property and that no objections had ever been made by the plaintiff or by any one for her. It also found that no objections were made as to the prices paid, and that not until the 10th day of November, 1931, was there any question raised as to the bids, and that there was no redemption from said

sales, and that a sheriff's deed was issued to the Bank of Clear Lake on September 4, 1931.

The court also found that a large amount of taxes, insurance premiums, and other expenses had been paid by the defendant bank. It further found that the plaintiff herein and all concerned were fully advised and knew of the amount paid for said property, and that thereafter they asked for certain extensions of time within which to redeem from said execution sales, and that an extension of time was granted up to April 29, 1931, and that at certain dates thereafter the plaintiff was notified and that as late as September 3, 1931, the plaintiff was notified that no further time would be granted in which to redeem from said execution sales. The court further found that no objections to the sales were ever made by the plaintiff or any one for her, nor was there ever any objection to the price for which said properties were sold at said execution sales, and that no protest was ever made to the Superintendent of Banks that the sales had been improperly made or that the purchase price of the respective tracts was inadequate.

The appellant urges by assignment of error that the statutes of this state require the sale of property to be by separate lots and tracts, and that the mere offering of the tracts of land or lots or recital that no bid was received· for them and the sale in one bid is not in compliance with our statutes, and especially section 2676, South Dakota 1919 Revised Code, as amended by chapter 120, S. D. 1929 Session Laws, which reads in part as follows: "* * * When the sale is of real property, consisting of several known lots or parcels, they must be sold separately unless the same consist of platted lots having a structure partly upon each, in which case such lots must be sold in one tract; provided, that whenever there be a paramount lien upon two or more lots or parcels of land not contiguous, which paramount lien covers two or more of such separate lots or parcels, the separate lots or parcels so levied upon may be sold in one parcel subject to such paramount lien. * * *"

This matter has been before our court several times. Some of the matters contended for by the assignment of error have been decided and eliminated by a former decision in Fienup v. Kleinman, 42 S. D. 43, 172 N. W. 804. We think it may be conceded that the mere offering of property in lots and parcels and that no bids were received would not be a substantial compliance with the stat-

utes if we were to hold that sales in parcels were necessary, but this last matter was reviewed and covered in the Fienup v. Kleinman Case, and need not be further treated. It would seem that in the Fienup v. Kleinman Case, supra, the land consisted of four separate tracts or parcels but was sold en masse as a single tract. There were some thirty-one 40-acre subdivisions, and the sheriff offered each 40-acre tract separately and received no bids, and then sold it all en masse. In the case at bar that is not the situation for the sheriff sold the land in three separate tracts as outlined in the statement of the facts above. From the statement in the Fienup v. Kleinman Case, it would seem that the principal objection was that the sheriff failed to sell the land not in 40-acre subdivisions, but in four separate tracts; that he disregarded the location of the property wherein it could be segregated into four separate tracts and instead sold it en masse.

The record in this case discloses that the sheriff diligently pursued the course stated in First National Bank of Deadwood v. Black Hills Fair Association, 2 S. D. 145, 48 N. W. 852, 853. This case was mentioned in Fienup v. Kleinman et al, to the effect that the premises sold consisted of five governmental subdivisions, but they were contiguous and constituted a single tract. It might be further said that the Fair Association Case was a mortgage foreclosure suit and sanctioned the sale of several parcels of land when embraced in the same mortgage.

In Hagan v. Pratt et al, 46 S. D. 267, 192 N. W. 370, this court recognized the right to sell en masse in a sale on foreclosure by advertisement when the property consisted of several contiguous governmental subdivisions constituting one farm. Again in Nelson v. Caspary, 46 S. D. 632, 195 N. W. 552, the court reviewed the Fienup v. Kleinman Case and the Hagan v. Pratt Case, holding that the three contiguous quarter sections constituted a single farm, and that the sale thereof upon foreclosure by advertisement and bulk would not be set aside.

The appellant insists that there is a marked difference between the methods provided by the law of this state for sale under execution and for sale by advertisement, and that the statute relating to sales under execution cannot be governed by certain of our decisions. In First National Bank of Deadwood v. Black Hills Fair Association, supra, the court attempted and did, in our minds,

cover the distinction when it said: "The object of this statute is to insure as large a price as possible, and also to enable a debtor to redeem a part only of the land sold, if he desires. Yet it cannot be said that in case no one is found to bid on each separate parcel or tract, the creditor is deprived of the privilege of having the land sold in gross after this fact has been ascertained. The provision of the law was designed to benefit the debtor, and also to give smaller purchasers the opportunity to buy subdivisions of the realty levied on, if any there should be found present at the sale."

Thus it will be seen from the above quotation that the purpose of the statute was fully complied with in the case at bar.

In Northwestern M. T. Co. v. Bradley et al, 9 S. D. 495, 70 N. W. 648, this court announced that there was no distinction between sales on execution and sales under power. We have carefully examined the statutes in force at that time and in force at the time of and concerning the case at bar. We therefore reaffirm what was said by the court as follows: "There is no room for any distinction between sales on execution and sales under a power. A sale by a sheriff on an ordinary execution is a mere ministerial one, made by the officer by the naked authority of the writ and the requirements of the statute. A sale under a power contained in a mortgage is made by the mortgagee or his agents, pursant to the convention of the parties and the requirements of the statute."

In James Valley Bank v. Nicholas et al, 47 S. D. 461, 199 N. W. 117, in a decision relating to an action brought to recover a deficiency on a promissory note after sale of property under mortgage, a defense was interposed that the property consisted of three quarter sections of land which were sold en masse in violation of the provisions of section 2883, Rev. Code 1919, and the court said: "The three quarter sections of land are contiguous, and are used and occupied by the mortgagors as a single farm. This brings the case within the rule that was followed by this court in Nelson v. Caspary, 46 S. D. 632, 195 N. W. 552, Hagan v. Pratt, 46 S. D. 267, 192 N. W. 370, and Bank v. Fair Association, 2 S. D. 145, 48 N. W. 852. Upon the authority of these cases, the sale was legal."

See, also, Conrad et al v. Carpenter et al, 48 S. D. 553, 205 N. W. 376.

The sheriff having segregated it placed this property of the

plaintiff in three different groups or tracts, and having sold each group or tract en masse the statutory requirement has been satisfied and his act was consistent with previous holdings.

We shall next consider inadequacy of bids placed upon the tracts. It is quite unnecessary to narrate the evidence in this opinion. We have carefully considered the evidence as to the value together with the bids placed upon the property and find that the trial court did not find that the prices bid were grossly inadequate or shocking to its conscience. The trial court was familiar with the conditions existing in the community and county where the property was located. It heard the testimony, observed the witnesses, made findings, and later passed upon a motion for new trial and denied the relief sought by the appellant. We are mindful of the decision in Stacy v. Smith et al, 9 S. D. 137, 68 N. W. 198, 200, to the effect that the sale will be set aside on the grounds of mistake and gross inadequacy of the price, but in the case at bar we cannot find that there was any mistake. Neither do we find that there was any fraud. The only thing urged is the inadequacy of the price or bids. That alone upon the facts before us does not seem sufficient to reverse the findings of the trial court. In the case of Stacy v. Smith et al, supra, the court clearly indicated that it would not place its decision upon the inadequacy alone, but upon two grounds, to wit, mistake and inadequacy. The court in part said: "We have chosen, therefore, to place this decision upon the ground of mistake and inadequacy of price."

In an early decision in the case of First National Bank of Deadwood v. Black Hills Fair Association, 2 S. D. 145, 48 N. W. 852, 853, this court treated the inadequacy of price and the benefit or nonbenefits to the property owner and the protection afforded by the period of redemption. A portion of the opinion is quite pertinent to the facts in the case at bar, and is as follows: "The evidence shows that, at the largest estimate of the worth of the property on the day of sale, it brought more than one-third of its value, taking into consideration the mortgage lien upon the property. The period of redemption fixed by statute is ample protection for a debtor against an inadequate price of a judicial or execution sale of real property. The smallness of the bid is in fact to his benefit, for he has this much less to pay on the redemption day.

The judgment debtor having allowed the redemption day to pass without redeeming, and showing no cause why he has done so, must suffer from his own laches, and, if a wrong has been done, he can lay the blame to no one but himself."

■ Appellant contends that there never was in fact a completed sale on account of the fact that the proceedings leading up to the sale were had in the name of F. R. Smith as Superintendent of State Banks of South Dakota in charge of the Bank of Clear Lake, while the sheriff's report of sale and certificate of sale show purchase by the Bank of Clear Lake, which did not and could not represent a bid on behalf of the Superintendent of Banks because of the complete separation as entities of the Superintendent of Banks and the Bank of Clear Lake itself. We dispose of that assignment of error upon authority of Bon Homme County Bank v. Dakota National Bank, 50 S. D. 191, 208 N. W. 825, and the First State Bank of Herrick v. Conant, 117 Neb. 562, 221 N. W. 691.

We have examined the record relating to the promise of extension for the purpose of redemption made by those in charge of the bank to the appellant herein. The evidence before us seems wholly insufficient to sustain the appellant's contention. We feel therefore unwarranted in disturbing the trial court's findings of fact. Assignments not specifically treated herein have been considered and are deemed nonprejudicial and could in no event affect the affirmance of the order and judgment.

The order and judgment appealed from are affirmed.

RUDOLPH, P. J., and POLLEY and ROBERTS, JJ., concur.

CAMPBELL, J., concurs in result.